J-A33032-16

2017 PA Super 32

| | | |
|---|---|---|
| MICHAEL S. ZABLOCKI AND MARY JANE ZABLOCKI, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| JEROME H. BEINING, | : | |
| | : | |
| Appellee | : | No. 854 WDA 2016 |
| | : | |

Appeal from the Order Entered May 19, 2016
in the Court of Common Pleas of Butler County
Civil Division at No(s): E.Q. No 05-11080

BEFORE: LAZARUS, SOLANO, and STRASSBURGER,* JJ.

OPINION BY STRASSBURGER, J.:                    **FILED FEBRUARY 10, 2017**

Michael S. Zablocki and Mary Jane Zablocki (collectively, the Zablockis) appeal from order entered May 19, 2016, wherein the trial court adopted the Master's report and directed the public sale of real property jointly owned by the Zablockis and Jerome H. Beining (Beining).[1]  Upon review, we quash this appeal.

> This case presents a claim for partition of real property of three parcels of land located in Brady and Slippery Rock Townships, Butler County, Pennsylvania.
>
> In December 1997, the Zablockis and their step-son/son, [Beining], purchased the subject real property, one[-]half interest to the Zablockis and one[-] half interest to Beining.  The sum of [f]ifty [t]housand [d]ollars ($50,000.00) was paid, though the parties dispute who paid it and in what portion.

---

[1] Bening is Mary Jane Zablocki's son and Michael Zablocki's step-son.

* Retired Senior Judge assigned to the Superior Court.

While the property was obtained with the intention that a building would be constructed to support a business venture by the parties, said business failed and the Zablockis proceeded to execute a mortgage and construct a home on the premises, with the consent of Beining. Through expert testimony, as accepted by the [m]aster in [p]artition, Gwilym A. Price, III, Esquire, [(the Master)] the house and all of its improvements have been valued at [$200,000.00].

Upon its completion, the Zablockis maintained the residential dwelling at their sole and separate cost, having paid most, if not all, of the real estate taxes and insurance. While the Zablockis did exclusively occupy the subject property they paid Beining, the co-tenant, no rental fee at any time. Notwithstanding, Beining makes no claim to the house or any substructure on the land associated therewith, and the parties agree that the mortgage remains the sole obligation and responsibility of the Zablockis.

Trial Court Opinion, 7/12/2016, at 1-2 (citations removed).

On September 12, 2005, the Zablockis initiated suit by filing a complaint for partition of real property. On January 30, 2006, Beining filed an answer and new matter, and requested the trial court "appoint a Master according to the law to inspect the premises and to partition it[.]" Bening's Answer and New Matter, 1/30/2006, at 4. The Zablockis filed a reply on April 5, 2006. No order was entered by the trial court directing partition, and the next activity on the docket was not until April 25, 2013, when the Zablockis filed a motion for a status conference. Therein, the Zablockis averred that the parties had undergone discovery and negotiations, and were not able to "amicably resolve th[e] case." Motion for Status Conference, 4/25/2013, at 3. A status conference was held on July 19, 2013, wherein the trial court appointed the Master.

- 2 -

A hearing was held by the Master on April 7, 2015. As outlined in the Master's [r]eport, neither party provided the Master with a proposed subdivision of the whole property. Additionally, the Master provided a list of reasons [why] subdivision of the property is not feasible, practical, or, in any uncertain terms, fair.

On or about August 2015, the Master filed his Master's Report outlining his findings and proposed resolution[1] which was accepted by [the trial court via order of August 31, 2015]. On or about August 24, 2015, the Zablockis filed [exceptions], objecting to the sale of the subject property in its entirety and division of the proceeds.

_____

[1] The Master recommended that "the [trial court] order the listing of the property with a Butler County multi-list broker (to be determined) at a price recommended by the broker, but not less than $380,000 (the value of the land, plus estimated value of the house improvements) at a 6% commission basis with reservation of oil and gas under a new non-surface disturbance lease only and subject to any existing lease rights."

[A]rgument was held on said [Exceptions] on May 19, 2016.

Trial Court Opinion, 7/12/2016, at 2-3 (citations removed). Following argument, the trial court issued an order in which it adopted the findings of the Master and directed the property be sold. This appeal followed.

Before we may address the Zablockis' substantive issues, we must first determine whether we have jurisdiction over this appeal. Neither party has raised this issue; however, it is well-settled that this Court may raise the issue of our jurisdiction *sua sponte*. **See e.g., M. London, Inc. v. Fedders Corp.**, 452 A.2d 236, 237 (Pa. Super. 1982).

Both parties incorrectly assert that this order is appealable pursuant to Pa.R.A.P. 311(a)(7), which recognizes orders directing partition as interlocutory orders appealable as of right. The parties confuse the order adopting the Master's finding and directing a sale with an order directing partition that must be filed prior to master proceedings.[2]

> If the court determines that there shall be partition because of a default or admission or after a hearing or trial, the court shall enter an order directing partition which shall set forth the names of all the co-tenants and the nature and extent of their interests in the property.

Pa.R.C.P. 1557. **See also** Pa.R.C.P. 1558 ("The court, after the entry of the order directing partition, shall direct the parties or their attorneys to appear for a preliminary conference[.] … The court, at any time after the preliminary conference, may appoint a master to hear the entire matter or to conduct any sale, or to act upon only specified issues or matters relating to the carrying out of the order of partition.").

Here, as noted, there was no order entered directing partition.[3] Instead, this case lay stagnant for several years until the Zablockis moved for a status conference.

An order directing the sale of real estate is certainly not a final order, as it has not disposed of all claims, as credits and debts remain to be

_____

[2] Although the parties have proceeded as if there were an order of partition, the record does not contain such an order.

[3] Even if there were such an order, based on both parties' agreeing to partition, there would be nothing to appeal.

- 4 -

considered. ***See Gasper v. Gasper***, 432 A.2d 613, 615 (Pa. Super. 1981). Further, it is not an order directing partition that would permit an interlocutory appeal of right as recognized by Pa.R.A.P. 311(a)(7).[4] In light of the above, we find the May 19, 2016 order interlocutory and non-appealable.

Accordingly, we quash this appeal for want of jurisdiction.

Appeal quashed. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/10/2017

---

[4] This rule applies to an order granting partition pursuant to Pa.R.C.P. 1557, as stated *supra*. An appeal is also allowed when the trial court issues its order distributing the proceeds of the sale. The parties would allow at least a third appeal from the order directing the method of sale. ***See Calabrese v. Collier Twp. Mun. Auth.***, 248 A.2d 236, 238 (Pa. 1968) (O'Brien, J., Dissenting) ("It is more important to prevent the chaos inherent in bifurcated, trifurcated, and multifurcated appeals than it is to correct each mistake of a trial court the moment it occurs."); ***Hession Condemnation Case***, 242 A.2d 432, 437 (Pa. 1968) (O'Brien, J., Dissenting) ("The bifurcated appeal foisted upon the courts can only be termed a judicial Hydra. Would that a Hercules could appear … to slay this monster.").