J-A33013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| LEEANN PAINTER-FRANCIS, EXECUTRIX OF THE ESTATE OF DOROTHY M. PAINTER, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| TERRY L. PAINTER, JOY E. PAINTER HOWARD, RODGER C. PAINTER AND PAULA V. PAINTER, HIS WIFE, DAVID L. PAINTER AND CAROL A. PAINTER, HIS WIFE, AND DANIEL H. PAINTER | |
| APPEAL OF: TERRY L. PAINTER | No. 185 WDA 2016 |

Appeal from the Order Entered January 27, 2016
In the Court of Common Pleas of Westmoreland County
Civil Division at No(s): 5302 of 2008

*****

| | |
|---|---|
| TERRY L. PAINTER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JOY E. HOWARD, FORMERLY JOY E. PAINTER, DAVID L. PAINTER AND CAROL A. PAINTER, HIS WIFE | No. 901 WDA 2016 |

Appeal from the Order Entered June 2, 2016
In the Court of Common Pleas of Westmoreland County
Civil Division at No(s): 235 of 2016

J-A33013-16

BEFORE: LAZARUS, J., SOLANO, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED FEBRUARY 27, 2017**

In these consolidated appeals, Terry L. Painter (Painter) challenges the trial court's orders, entered in two separate actions, denying his exceptions to the Special Master's Final Report in Partition, which permitted Appellee, Joy E. Painter Howard, to assign her 1/10th interest in the subject property to Appellees, David and Carol Painter, and sustaining Appellees' preliminary objections and dismissing Painter's breach of contract complaint based upon *res judicata* and collateral estoppel.[1] We affirm the order entered in the partition action (185 WDA 2016)[2] and reverse the order in the breach of

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] On September 7, 2016, this Court granted Painter's motions for a continuance and consolidation. As a result, No. 185 WDA 2016 (partition action) and No. 901 WDA 2016 (breach of contract action) were consolidated.

[2] We note that Painter's appeal in the partition action is properly before the court as it resolved the primary conflict between the parties, that is the division of the property, set forth the proposed schedule of distribution, conclusively determined that the parcel was incapable of division into purparts without prejudice to the whole, set forth the fair market value of the property and provided for a private sale of the land to David and Carol for a set total sum with specific terms for closing and costs to buyer and seller. **See Bernstein v. Sherman**, 902 A.2d 1276 (Pa. Super. 2005) (appeal from decision granting exceptions to partition master's recommendation and providing for private sale of property), **but see Zablocki v. Beining**, ___ A.3d ___. 2017 WL 542021 at *2 (Pa. Super. Feb. 10, 2017) (appeal quashed where order appealed adopted findings of master's report in partition action and granted authority to have parcel enter into multi-list agreement with broker, but left listing price indeterminate and
*(Footnote Continued Next Page)*

- 2 -

contract action (901 WDA 2016) and remand for further proceedings in that matter.

The fundamental issue in the underlying actions involves the March 3, 1982 transfer of a 42-acre parcel of farmland, located in North Huntingdon Township, Westmoreland County. The parcel was owned by Painter's now-deceased parents, A. Logan Painter and Dorothy M. Painter (collectively, the Painters). In 1982, the Painters conveyed 1/5 interests in the parcel to themselves and to each of their four children and the children's then-spouses, Terry L. Painter (Appellant)/Joy Painter (Appellee/Howard[3]); Rodger C. Painter/Paula Painter; David L. Painter/Carol A. Painter (Appellees/collectively, David and Carol); and Daniel H. Painter/Wendy Painter. In January 1987, Painter and Howard divorced.

On May 8, 2008, following the Painters' deaths, Leeann Painter-Francis, the executrix of Dorothy M. Painter's estate,[4] filed the underlying partition action seeking to divide and/or sell the subject parcel and to distribute it among interested persons. On June 20, 2008, Howard filed an answer and new matter asserting that as a result of their divorce, she and Painter now held their interest in the parcel as tenants-in-common rather

---

*(Footnote Continued)*

specifically noted "final order in this case matter will be entered at the time the return of sale and proposed schedule of distribution is filed by master.").
[3] Joy's name following the divorce is Joy Painter Howard. She will be referred to as "Howard" throughout this memorandum.

[4] A. Logan predeceased his wife, Dorothy.

than tenants by the entireties. **See** 23 Pa.C.S. 3507(a) (once divorce granted, undivided interest in real property may be partitioned).[5]

On December 15, 2011, the trial court entered the following order, by consent of all parties:

1. Directing partition of the property;

2. Declaring Terry L. Painter and Joy L. Painter (now, Howard) to have an undivided one-fifth interest in same;

3. Declaring David L. Painter & Carol A. Painter to have an undivided one-fifth interest in same; and

4. Appointing an attorney, Nancy L. Harris, Esquire, as Special Master to make "such examination and hold such hearings as may be necessary, giving reasonable notice thereof" and [to] "file a report with the Court pursuant to Pa.R.C.P. 1569 and 1570."

On June 1, 2012, Howard filed a motion seeking to have her undivided one-fifth interest in the property, held in common with Painter, divided into two separate one-tenth interests. The court granted Howard's request and directed the Special Master to distribute a one-tenth interest in the property to Howard. On November 27, 2012, Howard executed an assignment of her right, title and interest in the subject property "for good value and consideration" to David and Carol.

---

[5] Painter did not file an answer to the partition complaint. As a result a default judgment was entered against him. **See** Pa.R.C.P. 1037. This normally precludes a party from challenging his or her liability. **See Gall v. Crawford**, 982 A.2d 541 (Pa. Super. 2009).

On January 22, 2013, the Special Master sent correspondence to Painter, David and Carol's attorney, and the remaining interested, non-represented parties:

> I am writing to inform you, first of all, that although I have not yet heard from Terry Painter, none of the other parties w[as] interested in being treated as an undivided interest with any other party. Therefore, there will continue to be five undivided one[-]fifth interests.
>
> **I also want to note that Mr. Matthews (Counsel for David and Carol Painter) has informed me that Joy Painter Howard has assigned her interest to David and Carol Painter. In accordance with Judge Caruso's original partition Order, that interest is, of course, one half of the one[-]fifth undivided interest shared with Terry Painter.**

By order of court, the Special Master hired an engineering evaluation of the property in order to make a determination as to whether subdivision of the property was possible "without prejudice to or spoiling the whole." Pa.R.C.P. 1560. On August 15, 2013, the Special Master made a Preliminary Determination that the parcel could not be subdivided into separate purparts without destroying or spoiling the value of the property as a whole, and that a partition shall occur through a private sale confined to the parties. No objections were filed to the Preliminary Determination.

On August 18, 2014, the court held a hearing, before the Special Master, that included testimony from two appraisers, in order to determine the valuation of the property. On December 17, 2014, counsel for Painter and Appellees Daniel Painter and Rodger Painter sent a letter to the Special Master requesting a "final" hearing in which they could present additional

testimony and evidence from independent sources concerning the value of the property. On January 6, 2015, the Special Master notified all parties' counsel that she was scheduling a hearing where Painter's attorney could present evidence of actual third party offers to purchase the subject property made within the past twelve months, and also permitted any party to present admissible evidence at the hearing with regard to factors affecting probative value of bona fide offers.

On July 9, 2015, the Special Master issued an amended "Notice of Proposed Determination in Partition." The Special Master concluded that the fair market value of the property was $673,920.00. The Special Master also noted that unless objection was made, the subject property would be offered at a private sale, confined to the parties, with a minimum bid set at the property's fair market value. Special Master's Conclusions, 7/9/15, at ¶¶ 40-41. Moreover, the Special Master gave notice to all parties, *see* Pa.R.C.P. 1566(a), (b), and permitted them to object to the Proposed Determination within 20 days of receiving the notice. *Id.* at ¶ 45. Only David and Carol Painter filed objections to the Master's Preliminary Determination.

Painter filed a motion for reconsideration[6] of the court's order acknowledging Howard's legal claim to $1/10^{th}$ of the land and any

_____

[6] The parties acknowledge that a copy of Painter's motion is not included in the original record on appeal.

corresponding share of the proceeds from the sale of the property in the partition action. On August 7, 2015, after argument, the court denied Painter's motion, and on August 14, 2015, the Special Master moved to confirm the value of the parcel "subject to partition for purposes of private sale limited to the parties." Motion, 8/14/15. In that motion, the Special Master notes that a bona fide, written offer had been made by a local developer for the parcel and that the offer includes a sale price of $16,000 per acre. The Special Master requested that the court confirm the fair market value of the property, prior to conducting a private sale, at a total value of $673,920.00 (roughly $16,000/sq. acre). The court confirmed this valuation, by order, on August 13, 2015. On September 21, 2015, Painter filed a motion to proceed with the sale of the parcel, alleging that he

> appeal[s] only those interests of [Howard] in the above property and the distribution of any proceeds from the sale [and] requests . . . [that the court d[irect] that the One-Tenth (1/10) interest in the proceeds of the such sale attributable to [Howard] be held in escrow by the Special Master pending the disposition of [his] appeal.

Motion to Proceed with Real Estate, 9/21/15, at 5-6.

On January 7, 2016, the Special Master issued a final report setting forth, in part, that Howard had assigned her one-tenth interest in the land to Carol and David Painter, now giving Carol and David a three-tenth interest in the parcel. On January 15, 2016, Painter filed exceptions to this report alleging that there was no evidence that Howard had made the assignment of her interest in the parcel to Carol and David and that a post-nuptial

agreement, that would have prevented the transfer, had never been taken into consideration when the assignment was effectuated. Oral argument was held on the matter and, on January 27, 2016, Painter's exceptions were denied. On February 4, 2016, Painter filed a timely appeal in the underlying partition action.

On January 15, 2016, Painter filed the underlying breach of contract action[7] against Appellees Howard, David, and Carol, based upon an alleged breach of the post-nuptial agreement he entered into with Howard. In this action, Painter sought injunctive relief and money damages claiming that Howard waived and agreed to convey her interest in the subject property[8] to him in the post-nuptial agreement. Painter attached, as exhibits, copies of motions and court orders filed in the partition action. Specifically, Painter attached Howard's motion seeking the court to confirm her $1/10^{th}$ interest in the subject property, the trial court's order awarding her the $1/10^{th}$ interest, and the purported agreement that Howard entered into with David and Carol assigning her interest in the property to them.

---

[7] The action also alleges fraud, the request for the creation of a constructive trust (equitable remedy), and unjust enrichment against Appellees.

[8] Painter claims that the language in paragraph 7 of the parties' post-nuptial agreement conveys Howard's interest in the parcel to him. It states, "The Husband [Painter] holds the following property in his name alone: (b) **A one-fourth interest in A. Logan Painter and Sons, a partnership which owns farmland**, five lots, nine horses and a herd of cattle[.]" Post-Nuptial Agreement, 12/21/84, at ¶ 7 (emphasis added).

Appellees filed preliminary objections to Painter's complaint. On June 2, 2016, the trial court dismissed Painter's complaint, finding that Painter's issues raised and asserted "were litigated, decided, and are currently on appeal in the Superior Court in the partition action . . . and that the petition is barred by the pendency of the prior partition action, principles of res judicata and collateral estoppel." Opinion and Order of Court, 6/2/16, at 1. On June 21, 2016, Painter filed a timely notice of appeal from the trial court's order.

Issues/Discussion (Partition Action)

On appeal, Painter presents the following issues for our review in the underlying partition action (185 WDA 2016):

(1) Whether the trial court erred in determining that the Appellant[,Terry L. Painter,] waived his rights to contest the validity of the assignment of Joy E. Howard's interest in the property at issue to David and Carol Painter.

(2) Whether the Special Master abused her discretion or committed an error of law in reallocating Joy E. Painter's 1/10th interest in the property to David and Carol Painter, and the Court below abused its discretion and committed an error of law in affirming such reallocation, where:

A. The "Assignment" upon which such reallocation is based is not of record, no hearing was conducted and Appellant [Terry L. Painter] was not afforded the ability to contest the validity of same; and

B. The Post-Nuptial Agreement entered between Appellant [Terry L. Painter] and Joy E. Howard precluded the assignment of her 1/10th interest in the real estate to David Painter and Carol Painter, his wife.

Painter alleges that the court abused its discretion when it dismissed his exceptions and permitted Howard's one-tenth interest to be assigned to David and Carol because the assignment was not recorded, no hearing was conducted on the issue, and he was not permitted to contest the validity of the assignment. Additionally, he asserts that the court improperly found his claims waived for failing to challenge the assignment of Howard's interest earlier in the partition action.

Instantly, Painter claims that a post-nuptial agreement he and Howard entered into in 1984 precluded her from assigning her interest in the parcel to David and Carol where that agreement made Painter the owner of the property, assigned Howard's interests in the property to Painter, and bound Howard and her "assigns." Appellant's Brief, at 15. Therefore, according to Painter, the post-nuptial agreement he relies upon fundamentally precludes any transfer of title to the subject property (in this case, one-half of his $1/5^{th}$ interest, or $1/10^{th}$ interest) to Howard.

The assignment of Howard's $1/10^{th}$ interest to David and Carol is only secondary to Painter's claim that Howard did not have *any* rights in the property to begin with, pursuant to the post-nuptial agreement. If this is true, Painter should have asserted his total ownership of the $1/5^{th}$ interest prior to or at the inception of the partition action in 2008. The parties' post-nuptial agreement was entered into in 1984, they were divorced in 1987, and the partition action was brought eleven years later, in 2008. Instead, Painter failed to file an answer to the partition complaint, which resulted in a

- 10 -

default judgment being entered against him. Moreover, when Howard moved to have the parties' undivided 1/5th interest in the property divided into two separate 1/10th interests and have them held in common, rather than by the entireties, Painter never objected. Additionally, when the court approved the distribution of a 1/10th interest in the parcel to Howard in 2012, Painter did not object. Finally, as Painter acknowledges, in January 2013, he received correspondence from the Special Master informing him that Howard had assigned her 1/10th interest to David and Carol. *See supra* at 4.

> I am writing to inform you, first of all, that although I have not yet heard from Terry Painter, none of the other parties were interested in being treated as an undivided interest with any other party. Therefore, there will continue to be five undivided one[-]fifth interests.
>
> **I also want to note that Mr. Matthews (Counsel for David and Carol Painter) has informed me that Joy Painter Howard has assigned her interest to David and Carol Painter. In accordance with Judge Caruso's original partition Order, that interest is, of course, one half of the one[-]fifth undivided interest shared with Terry Painter.**

Yet again, Painter did not object to this intended distribution and assignment. In fact, it was not until Painter filed exceptions to the Special Master's proposed determination in July of 2015, that he raised the issue

regarding the validity of Howard's interest in the parcel as a result of the parties' post-nuptial agreement.[9]

Under the circumstances, we agree with the trial court that Painter waited too long to contest Howard's rights to the subject parcel.[10] Painter's unreasonable delay would not only have prejudiced Howard from assigning her rights to Carol and David, but also would have stalled the distribution of the proceeds from Howard's 1/10th interest from the sale of the entire parcel to a bona fide purchaser for fair market value. **See Fulton v. Fulton**, 106 A.3d 127 (Pa. Super. 2014) (equitable doctrine of laches bars relief when complaining party is guilty of want of due diligence in failing to promptly institute action to prejudice of another; to invoke doctrine must prove delay arising from failure to exercise due diligence and prejudice to other parties resulting from delay).

Issues/Discussion (Breach of Contract Action)

---

[9] Painter had, however, asked for a hearing to take evidence regarding the valuation of the parcel.

[10] The maxim of the doctrine of unclean hands necessarily gives wide range to the equity court's use of discretion in refusing to aid the unclean litigant. **Shapiro v. Shapiro**, 204 A.2d 266 (Pa. 1964). Application of the unclean hands doctrine is confined to willful misconduct which concerns the particular matter in litigation. **Id.** Here, we are not inclined to find that Howard acted with unclean hands in asserting her divided interest in the parcel in the partition action; Painter's own inaction supports the court's decision to find waiver of his claim that he is entitled to all of Howard's interest in the parcel. **See Hartman v. Cohn**, 38 A. 22, 25 (Pa. 1944) (court, in equity, is free to refuse to apply doctrine of unclean hands if consideration of entire record convinces court that inequitable result will be reached).

Painter raises the following issues on appeal from his breach of contract action (901 WDA 2016):

(1)    Whether the trial court abused its discretion or committed an error of law in dismissing [Painter's] contract action where:

(a)    [Painter's] claims in the contract action are not identical to the claims raised in the partition action;

(b)    [Painter's] claims in the contract action could not be raised in the partition action;

(c)    The parties to the contract action are not identical to the parties in the contract action;

(d)    [Painter's] contract claims would remain even if the assignment of [Howard's] $1/10^{th}$ interest was found to be valid; and

(e)    The post-nuptial agreement between [Painter] and [Howard], which forms the basis of the within breach of contract action, was never considered in the partition action.

On appeal, Painter asserts that the trial court improperly granted Appellees' preliminary objections and dismissed his complaint where neither his claims nor the parties in his breach of contract action are identical to those in the partition action. Moreover, he claims that the court erred by not considering the post-nuptial agreement prior to dismissing his breach of contract action.

Appellees, on the other hand, claim that Painter is simply attempting to re-litigate the question of whether the post-nuptial agreement invalidated the transfer of a $1/10^{th}$ interest in the subject property from Howard to David and Carol. Moreover, they assert that Painter failed to timely raise

the issue regarding the post-nuptial agreement and its effect on the transfer of the property in the underlying partition action. Thus, he cannot resurrect the argument, in the guise of a breach of contract action, at this late stage.

> An appellate court's standard of review of an order of the trial court . . . granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court. Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Feingold v. Hendzrak*, 15 A.3d 937, 942 (Pa. Super. 2010) (citation omitted).

> In the breach of contract action, the trial court noted:

> The issues raised in the [contract action] are a continuation of [Painter's] relentless efforts to challenge a determination well after the fact, after a significant passage of time and after remaining silently passive and unresponsive while the prior litigation ran its course.

Trial Court Opinion, 6/2/16, at 6. Specifically, the court asserted that the court in the partition action had already made a determination regarding the effect that the parties' post-nuptial agreement had on Howard's 1/10th interest in the subject parcel. We disagree.

> It is well established that:

> Where there *has previously been rendered a final judgment on the merits* by a court of competent jurisdiction, the doctrine of res judicata will bar any future suit on the same cause of action between the same parties. Invocation of the doctrine of res judicata (claim preclusion) requires that both the former and latter suits possess the following common elements:
>
> 1. identity in the thing sued upon;
>
> 2. identity in the cause of action;
>
> 3. identity of persons and parties to the action; and
>
> 4. identity of the capacity of the parties suing or being sued.

*Matternas v. Stehman*, 642 A.2d 1120, 1123 (Pa. Super. 1993) (emphasis added). Collateral estoppel, on the other hand, does not require identity of causes of action or parties. *Thompson v. Karastan Rug Mills*, 323 A.2d 341 (Pa. Super. 1974). However, while res judicata will bar subsequent claims that could have been litigated in the prior action, but which actually were not, collateral estoppel will bar only those issues that actually were litigated in the prior proceeding. *Martin v. Poole*, 336 A.2d 363 (Pa. Super. 1975).

The record in the partition action shows that the court denied Painter's exceptions to the Special Master's final determination based on the doctrine of waiver, not on whether the post-nuptial agreement prevented Howard from obtaining a 1/10th interest in the property and assigning that interest to Carol and David. Specifically, the court concluded that Painter's failure to object to the proposed distribution for almost seven years after the filing of the partition complaint rendered any objection to the distribution waived.

Therefore, we find that a "final judgment on the merits" was never rendered regarding the effect of the post-nuptial agreement in the partition action for purposes of applying collateral estoppel or res judicata in Painter's breach of contract action.

We recognize that the trial court stated that "the Court hear[d] argument from counsel for Terry L. Painter, counsel for Plaintiffs and Special Master Harris" in reference to Painter's Exceptions in the partition action. Trial Court Opinion, 3/1/16, at 4. There is no transcript, however, of these proceedings in the certified record on appeal to determine whether the post-nuptial agreement was considered by the court at that time.[11] Moreover, there is nothing else in the record to demonstrate that the court ruled upon the merits of the issue regarding the parties' post-nuptial agreement or whether a valid assignment of Howard's interest in the parcel, via an alleged quitclaim deed to Carol and David, was ever recorded.

---

[11] We note, as well, that the court acknowledges that a copy of Painter's motion for reconsideration filed in the partition action is not in the certified record. *See* Trial Court Opinion, 6/2/16, at 5 n.2. This Court is mindful of the fact that the fundamental tool for appellate review is the official record of the events that occurred in the trial court. *Commonwealth v. Williams*, 715 A.2d 1101, 1103 (Pa. 1998). To ensure that an appellate court has the necessary records, the Pennsylvania Rules of Appellate Procedure provide for the transmission of a certified record from the trial court to the appellate court. *Id.* The law of Pennsylvania is well settled that matters which are not of record cannot be considered on appeal. *Commonwealth v. Bracalielly*, 658 A.2d 755, 763 (Pa. 1995).

- 16 -

While the doctrine of res judicata also applies to claims that could have been raised in a prior litigation, **Wilkes ex rel. Mason v. Phoenix Home Life Mut. Ins. Co.**, 902 A.2d 266 (Pa. 2006), Painter technically did raise the issue of the post-nuptial agreement, albeit late in the proceedings, when he filed his exceptions to the Special Master's final report. Therefore, we must reverse the order granting Appellees' preliminary objections and dismissing Painter's breach of contract claim on the basis of res judicata and collateral estoppel where the court made no final determination on the merits of the issue. **Feingold**, **supra**.

Conclusion

While Painter was unsuccessful in quieting title to his alleged 1/10[th] interest in the subject property that Howard claimed in the underlying partition action, he may still proceed with his breach of contract action based on an alleged post-nuptial agreement. **See** 23 Pa.C.S. § 3502(e) (affords courts broad powers to enforce compliance with terms of agreement as entered into between the parties in divorce action).

Order denying Painter's exceptions affirmed in 185 WDA 2016 (5302 of 2008) and order sustaining Appellees' preliminary objections and dismissing Painter's breach of contract complaint reversed. Case remanded for further proceedings in 901 WDA 2016 (235 of 2016). Jurisdiction relinquished.

Judge Solano joins this Memorandum; Judge Strassburger files a Concurring and Dissenting Memorandum.

- 17 -

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>2/27/2017</u>