J-A09001-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ROBERT A. REED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ASPEN HOME IMPROVEMENTS, INC. | |
| Appellee | No. 1446 MDA 2016 |

Appeal from the Order Entered August 5, 2016
In the Court of Common Pleas of York County
Civil Division at No(s): 2012-SU-001380-54

BEFORE:  GANTMAN, P.J., SHOGAN, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED MARCH 24, 2017**

Robert A. Reed appeals, *pro se*, from the order entered August 5, 2016, in the York County Court of Common Pleas, granting in part and denying in part the motion for summary judgment filed by Aspen Home Improvements, Inc. ("Aspen Home").  Because the order on appeal is interlocutory and not appealable, we are compelled to quash this appeal.

On June 6, 2012, Reed filed a complaint against his former employer, Aspen Home, asserting the company owed him more than $5,300 for services he rendered during his employment with the company in 2011. Aspen Home filed preliminary objections, which the trial court sustained, and on November 27, 2012, Reed filed an amended complaint.  Thereafter, Aspen Home filed an answer with new matter and a counterclaim on June 19, 2013.  In its counterclaim, Aspen Home sought damages from Reed for

alleged retaliatory actions he took after he left the company. The case proceeded to compulsory arbitration, and, on October 27, 2015, the arbitration panel entered an award of $0.00 on each side, finding for Aspen Home on Reed's complaint, and for Reed on Aspen Home's counterclaim. Reed filed a timely appeal of the arbitrator's decision.[1]

On May 25, 2016, Aspen Home filed a motion for summary judgment, claiming it had served Reed with a request for admissions on April 9, 2016, and, Reed had failed to respond within 30 days as required by Pennsylvania Rule of Civil Procedure 4014. *See* Pa.R.C.P. 4014(b) ("The matter is admitted unless, within thirty days after service of the request, … the party to whom the request is directed serves upon the party requesting the admission an answer[.]"). Therefore, Aspen Home argued it was entitled to judgment in its favor. Reed filed a response requesting the court dismiss the motion for summary judgment. The trial court conducted a hearing on August 4, 2016, at the conclusion of which it entered the following order:

> AND, NOW, to wit, this 4th day of August, 2016, pursuant to the opinion issued in this matter, [Aspen Home's] Motion for Summary Judgment is granted with regard to [Reed's] Complaint. [Aspen Home's] Motion for Summary Judgment as to its counterclaim against [Reed] is denied.

_____

[1] We note Reed's appeal from the arbitrators' decision regarding his complaint also perfected an appeal from the arbitrator's decision on Aspen Home's counterclaim. *See* Pa.R.A.P. 1309 ("An appeal by any party [following an arbitrators' award] shall be deemed an appeal by all parties as to all issue unless otherwise stipulated in writing by all parties.").

Order, 8/4/2016. This appeal followed.[2]

On appeal, Reed contends the trial court erred in granting Aspen Home's motion for summary judgment when he (1) provided an excuse for the late filing of his response to the request for admissions, and (2) the court improperly denied his request for a continuance of the summary judgment hearing so he could secure counsel. **See** Reed's Brief at 7-8.

Preliminarily, we must determine whether the August 4, 2016, order is appealable.[3]

_____

[2] On September 6, 2016, the trial court ordered Reed to file a concise statement of errors complained of on appeal within 21 days pursuant to Pa.R.A.P. 1925(b). The concise statement was due, therefore, on September 27, 2016. On September 28, 2016, the court issued an opinion pursuant to Pa.R.A.P. 1925(a), noting Reed had not complied with its order. Subsequently, Reed filed a concise statement on September 29, 2016.

We note that "[w]henever a trial court orders an appellant to file a concise statement of [errors] complained of on appeal pursuant to Rule 1925(b), the appellant *must* comply in a timely manner." **Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222, 225 (Pa. Super. 2014) (*en banc*) (emphasis in original and quotation omitted). When an appellant fails to do so, his issues are waived on appeal, even if the trial court ignores the untimeliness of the filing and addresses the issues on the merits. **See id.** Accordingly, even if Reed's appeal was not interlocutory, his claims would be waived based upon his failure to timely comply with the court's Rule 1925(b) order.

[3] While neither Aspen Home nor the trial court has questioned the appealability of the court's August 6, 2016, order, "it is well-settled that this Court may raise the issue of our jurisdiction *sua sponte*." **Zablocki v. Beining**, ___ A.3d ___, ___, 2017 PA Super 32, *2 (Pa. Super. February 10, 2017).

[A]n appeal may be taken from: (1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313).

***Bloome v. Alan***, ___ A.3d ___, ___, 2017 PA Super 17, *3 (Pa. Super. January 24, 2017).  The order on appeal, granting in part and denying in part summary judgment to Aspen Home does not meet the requirements for an interlocutory order by permission or a collateral order, nor does it fit in any of the categories that permit an interlocutory appeal as of right.  ***See*** Pa.R.A.P. 311-313.  Therefore, we must determine if the order is a final order pursuant to Rule 341.

A final order is one that "disposes of all claims and of all parties[.]" Pa.R.A.P. 341(b)(1).[4]  Here, the trial court's August 6, 2016, order did not dispose of Aspen Home's counterclaim against Reed.  Indeed, in its opinion accompanying the order, the court explained that Reed's admissions, while dispositive of the issues raised in the complaint, were not binding with respect to the counterclaim.  ***See*** Trial Court Opinion, 8/4/2016, at 4-5.  The court explicitly stated:  "That issue still will need to be resolved by a trier of fact."  ***Id.*** at 5.

Because Aspen Home's counterclaim remains outstanding, the order on appeal, disposing only of the issues raised in Reed's complaint, is

_____

[4] We note, too, the trial court did not make a determination that "an immediate appeal would facilitate resolution of the entire case" so as to permit an appeal pursuant to Pa.R.A.P. 341(c).

interlocutory and not appealable.  **See Druot v. Coulter**, 946 A.2d 708 (Pa. Super. 2008) (quashing appeal from order granting summary judgment to defendants on all counts in plaintiffs' complaint when defendants' counterclaims were still outstanding).  Consequently, we are compelled to quash this appeal.[5]

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/24/2017

---

[5] We recognize Reed is proceeding *pro se*.  However, we have repeatedly stated:

> While [we are] willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because [he] lacks legal training.  As our supreme court has explained, "any layperson choosing to represent [himself] in a legal proceeding must, to some reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing."

**O'Neill v. Checker Motors Corp.**, 567 A.2d 680, 682 (Pa. Super. 1989) (citations omitted).  **Accord Branch Banking & Trust v. Gesiorski**, 904 A.2d 939, 942 (Pa. Super. 2006); **Smathers v. Smathers**, 670 A.2d 1159 (Pa. Super. 1996).