J-A12027-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SUSAN LINDA REPELLA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SCOTT JAMES REPELLA, | : | |
| | : | |
| Appellant | : | No. 3807 EDA 2017 |

Appeal from the Order Entered November 1, 2017
In the Court of Common Pleas of Wayne County
Civil Division at No(s):  153-DR-2017

BEFORE:  BOWES, J., OTT, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OTT, J.:                    **FILED MAY 09, 2018**

Scott James Repella (Husband) appeals, *pro se*, from the order entered November 1, 2017, in the Wayne County Court of Common Pleas, denying without prejudice his counterclaim for an annulment, filed in response to the divorce complaint filed by Susan Linda Repella (Wife).  Husband contends the trial court (1) erred in denying his request for annulment, (2) abused its discretion, and (3) erred in its ruling despite the statutory elements being met.  **See** Husband's Brief at iii.  Because the order on appeal is interlocutory and not appealable, we are compelled to quash this appeal.

On March 21, 2017, Wife, *pro se*, filed a divorce complaint against Husband, asserting irretrievable breakdown pursuant to 23 Pa.C.S. § 3301(d). On April 6, 2017, Husband, acting *pro* se, filed an "Answer to 3301(d) Divorce Complaint and Counterclaim for Annulment Pursuant to Title 23 Pa.C.S. §

3303 and § 3304(a)(3)."[1, 2]   On April 12, 2017, Wife filed an affidavit of consent to annulment.  Husband filed an affidavit of consent to annulment on May 22, 2017.[3]   On June 2, 2017, Husband filed a praecipe to transmit the record.   On August 2, 2017, counsel entered her appearance on behalf of Husband.  On that same day, August 2, 2017, Husband, through counsel, filed a motion for declaratory judgment pursuant to 23 Pa.C.S. § 3306.  On August 7, 2017, counsel filed a withdrawal of appearance, and also filed a praecipe to withdraw the motion for declaratory judgment.

On August 8, 2017, Husband, now representing himself, filed a motion to proceed pursuant to 23 Pa.C.S. § 3303 and 3304(a)(3).  On August 10, 2017, the trial court entered an order denying Husband's request for an annulment without prejudice, and explained in a footnote that "section 3303 of the Divorce Code requires that the marriage be 'declared void'", and "[t]here has been no hearing in this case to declare the marriage void."  Order, 8/11/2017.  On August 25, 2017, Husband filed a motion for a hearing, and

---

[1] Section 3303 of the Divorce Code deals with "Annulment of void and voidable marriages."   23 Pa.C.S. § 3303.   Section 3304 sets out the "[g]rounds for annulment of void marriages."   23 Pa.C.S. § 3304.

[2] **See** Pa.R.C.P. 1920.15(a) ("The defendant may set forth in an answer under the heading 'Counterclaim' a cause of action of divorce or for annulment and, whether the defendant does so or not, may set forth any other matter which under the Divorce Code may be joined with an action of divorce.").

[3] There is no mention in the Divorce Code or Pennsylvania Rules of Civil Procedure of affidavits of consent in an annulment context.  The Divorce Code and Rules do specifically provide for decrees dissolving marriage by consent in divorces where the marriage is irretrievably broken.  **See** 23 Pa.R.C.P. §§ 3301(c)-(d) and 3303; **see also** Pa.R.C.P. 1920.42.

an annulment hearing was scheduled for October 31, 2017. On October 31, 2017, new counsel entered his appearance for Husband. The annulment hearing took place as scheduled, and on November 1, 2017, the trial court entered the order at issue in this appeal. The order states:

> AND NOW, to wit, this __1__ day of November, 2017, upon consideration of [Husband's] Motion for a Hearing Pursuant to 23 Pa.C.S.A. §§ 3303 and 3304(a)(3) and following a hearing on such, it is hereby ORDERED that [Husband's] request for the Court to grant a void marriage is DENIED without prejudice.[1]
>
> > [1] After considering the evidence during the hearing, this Court found that the moving party did not meet its burden in establishing grounds for annulment of a void or voidable marriage pursuant to 23 Pa.C.S.A. §§ 3304 and 3305. However, the parties may pursue an action in divorce under 23 Pa.C.S.A. § 3301, if they so choose.

Order, 11/1/2017. On November 9, 2017, counsel for Husband filed a petition seeking leave to withdraw. This *pro se* appeal by Husband was timely filed on November 22, 2017.[4] Husband's counsel withdrew his appearance on November 21, 2017. On December 22, 2017, the trial court issued an order

---

[4] On December 19, 2017, this Court issued an Order directing Husband to show cause within 10 days as to the finality and appealability of the order denying Husband's counterclaim for annulment. Husband responded that because he counterclaimed for an annulment, and Wife filed a consent to annulment, the divorce complaint is considered null and void.

On January 29, 2018, this Court discharged the Rule to Show Cause and referred the issue to the panel. After review, we disagree with Husband's position. As will be more fully discussed in the body of this memorandum, the order is interlocutory because Wife's divorce complaint remains outstanding.

that directed Husband to file a Pa.R.A.P. 1925(b) statement within 21 days. The court's Rule 1925(b) order was served on December 26, 2017. The certified record was transmitted to this Court on January 24, 2018. On January 31, 2018, Husband filed an untimely Rule 1925(b) concise statement.[5, 6]

Preliminarily, we must determine whether the November 1, 2017, order is appealable.[7]

> [A]n appeal may be taken from: (1) a final order or an order certified as a final order (Pa.R.A.P. 341);
>
> (2) an interlocutory order as of right (Pa.R.A.P. 311);
>
> (3) an interlocutory order by permission Pa.R.A.P. 312, 1311, 42 Pa.C.S. § 702(b)); or (4) (Pa.R.A.P. 312, 1311, 42 Pa.C.S. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313).

***Bloome v. Alan***, 154 A.3d 1271, 1273 (Pa. Super. 2017). The order on appeal, denying Husband's counterclaim for an annulment, does not meet the

---

[5] The trial court did not file a Rule 1925(a) opinion.

[6] We note that "[w]henever a trial court orders an appellant to file a concise statement of [errors] complained of on appeal pursuant to Rule 1925(b), the appellant *must* comply in a timely manner." ***Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 225 (Pa. Super. 2014) (*en banc*) (emphasis in original and citation omitted). When an appellant fails to do so, his issues are waived on appeal. ***See id.*** Accordingly, if we reached the merits of Husband's appeal, which we do not, we would be obliged to find his claims waived for failure to timely comply with the court's Rule 1925(b) order.

[7] "[I]it is well-settled that this Court may raise the issue of our jurisdiction *sua sponte*." ***Zablocki v. Beining***, 155 A.3d 1116, 1118 (Pa. Super. 2017).

requirements for an interlocutory order by permission or a collateral order, nor does it fit in any of the categories that permit an interlocutory appeal as of right. *See* Pa.R.A.P. 311-313. Therefore, we must determine if the order is a final order pursuant to Rule 341.

A final order is one that "disposes of all claims and of all parties[.]" Pa.R.A.P. 341(b)(1).[8] Here, the trial court's November 1, 2017 order did not dispose of Wife's claim against Husband for divorce. Indeed, in its order, the trial court specifically indicated the parties may pursue an action in divorce under Section 3301 and, in fact, Wife's complaint in divorce pursuant to Section 3301(d) remains pending in the trial court. It bears emphasis that the Note to Rule 341 specifically explains:

> The following is a partial list of orders previously interpreted by the courts as appealable as final orders under Pa.R.A.P. 341 that are no longer appealable as of right unless the trial court or government unit makes an express determination that an immediate appeal would facilitate resolution of the entire case and expressly enters a final order pursuant to Pa.R.A.P. 341(c):
> …
> (3) an order dismissing a counterclaim but leaving
> pending the complaint that initiated the action[.]

Pa. R.A.P. 341, Note.

Because Wife's divorce complaint remains unresolved, the trial court's November 1, 2017 order, disposing only of Husband's counterclaim for

---

[8] We note the trial court did not make a determination that "an immediate appeal would facilitate resolution of the entire case" so as to permit an appeal pursuant to Pa.R.A.P. 341(c).

annulment, is interlocutory and not appealable. Consequently, we are compelled to quash this appeal.

Appeal quashed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/918