J-S54032-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ARDELL J. LONG-TEMPLE AND WILLIAM K. TEMPLE | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : : | |
| v. | : : : | |
| RAMONA HOLDER | : : : | No. 582 MDA 2019 |

Appeal from the Order Entered April 9, 2019
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
10420-2016

BEFORE:  BOWES, J., LAZARUS, J., and DUBOW, J.

CONCURRING MEMORANDUM BY LAZARUS, J.:  **FILED FEBRUARY 25, 2020**

I concur with the Majority's determination that we are constrained to quash the instant appeal for want of a Rule 1557 order.  I write separately to emphasize the proper procedure required when pursuing an action for the partition of real estate.

"Pennsylvania Rules of Civil Procedure 1551[–]1574 split a partition action into two, distinct, chronological parts.  Rules 1551[–]1557 govern Part 1, and Rules 1558[–]1574 govern Part 2.  Each part, by rule, must produce its own, distinct, appealable order."  **Kapcsos**, 194 A.3d at 142.  "Part 1" concludes with the court determining parties' fractional interests in a property.  **See id**.  ("The first order, under Pa.R.Civ.P. 1557, directs partition of the parties' legal interests into severalty.").  Our rules require the court—not the master—to first enter an order directing partition before proceeding to "Part

2." *See* Pa.R.C.P. 1557 ("*If the court determines that there shall be partition because of a default or admission or after a hearing or trial, the court shall enter an order directing partition which shall set forth the names of all the co-tenants and the nature and extent of their interests in the property.*") (emphasis added); *see also Zablocki v. Beining*, 155 A.3d 1116, 1118 (Pa. Super. 2017) ("[A]n order directing partition . . . must be filed prior to master proceedings.").

The *Kapcsos* Court contemplated the importance of a "Part 1" order, even where property is later determined to be incapable of partition, in the following passage:

> [T]he entry and recording of a Part 1 order directing partition is essential to terminate a joint tenancy. Following that, Part 2 is purely an equitable proceeding where the trial judge or master balances the equities to decide what form the partitioning will take. If the property were a pie, the trial court must decide how best to serve it to the parties. There are three ways "to slice" the "pie."
>
> First, the court may determine that the pie should be cut into several pieces and award the pieces of property to the parties as their severally owned parcels (i.e., "purparts") of land. *See* Pa.R.Civ.P. 1560. This typically occurs when the pie is so large and the parties so few in number that everyone can receive a fairly sizable and valuable piece. If the court takes this course, in the end, it will convey ownership to the parties by its Part 2 order, which the Recorder of Deeds will record. No deed is executed, because the order serves as the conveyance. The court determines the size and location of each party's parcel based upon the parties' interests and what the court deems to be equitable given the facts and circumstances of the case.
>
> Second, the court might determine that the pie cannot be cut without ruining it. If that happens, the court may give the whole pie to one party and order that person to pay the other parties for

their respective shares. ***See*** Pa.R.Civ.P. 1562. In this scenario, one party gets an order of conveyance granting undivided title to the whole property (which is recorded), and the other party receives a cash buy-out, known as "owelty." ***Id.***

. . .

Finally, if neither of the first two scenarios [is] possible, the court's third option is to order a sale of the pie to the general public and divide the proceeds (if any) among the parties. Once all court costs, attorneys' fees, mortgages, etc. are satisfied from the sale's proceeds, the court awards any remaining funds to the parties according to their investments in the land, divided by their fractional interests, as determined in Part 1.

***Kapcsos***, 194 A.3d at 142–43.

Instantly, the court never entered a Rule 1557 order. ***See*** Order, 1/24/17, at 1. Rather, the court appointed a master to hear "all issues in [p]artition pursuant to Pa.R.C.P. 1557 and 1559[.]" ***Id.*** The order, therefore, proceeded to "Part 2" under Pa.R.C.P. 1558 without first concluding "Part 1" by entering an order determining the parties' fractional interests, rendering all subsequent action a nullity.[1] ***See Kapcsos***, 194 A.3d at 144 (rendering all

---

[1] Though the master's recommendation is rendered a nullity by lack of a "Part 1" order, we nonetheless note that during the subsequent proceedings, the master erroneously conflated Pa.R.C.P. 1562 and Pa.R.C.P. 1563. Master's Report, 2/16/18, at 3 ("Pursuant to Rule 1562[,] the [m]aster has determined that the property is not capable of division without prejudice. And, consequently, the property shall be awarded among the parties with provisions for owelty." Rule 1563, not Rule 1562, governs properties not capable of division without prejudice. ***See*** Pa.R.C.P. 1563(a) ("[P]roperty not capable of division without prejudice to or spoiling the whole shall be offered for private sale confined to the parties."). Further, property not capable of division is not subject to owelty. ***See*** Pa.R.C.P. 1563(a)–(b) (making no mention of owelty). Rather, it is Rule 1562, pertaining to property "not capable of division under Rule 1560(a) but capable of division under Rule 1560(b) or (c)[,]" which states that such property "shall be awarded equitably among the parties with appropriate provisions for owelty." Pa.R.C.P. 1562.

relief obtained in "Part 2" a nullity without entry of "Part 1" order); **see also** Pa.R.C.P. 1558(a) ("The court, *after the entry of the order directing partition*, shall direct the parties or their attorneys to appear for a preliminary conference[.]") (emphasis added). While acknowledging the complexity of partition actions, and to avoid further confusion, I urge all involved in the instant litigation to heed the process outlined by our Rules of Civil Procedure and further explicated by the **Kapcsos** Court.