J-S12033-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DE LAGE LANDEN FINANCIAL SERVICES, INC. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MCCANN & WALL, LLC | : | |
| | : | No. 1471 EDA 2021 |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TOSHIBA BUSINESS SOLUTIONS | : | |
| | : | |
| | : | |
| APPEAL OF: MCCANN & WALL, LLC | : | |

Appeal from the Order Entered June 30, 2021
In the Court of Common Pleas of Chester County Civil Division at No(s):
2019-07766-CT

BEFORE:  BENDER, P.J.E., BOWES, J., and DUBOW, J.

JUDGMENT ORDER BY DUBOW, J.:                    **FILED MAY 17, 2022**

Appellant, McCann & Wall, LLC, appeals from the June 30, 2021 order entered in the Chester County Court of Common Pleas granting summary judgment in favor of Appellee De Lage Landen Financial Services, Inc. ("DLL") and partial summary judgment in favor of Appellee Toshiba Business Solutions ("Toshiba"). We quash this appeal as interlocutory.

The relevant facts and procedural history are as follows. In early 2017, Appellant leased two copiers from Toshiba. Toshiba immediately assigned its

rights under the lease agreement to DLL. Approximately two years later, Appellant allegedly failed to fulfill its payment obligation under the lease.

On August 2, 2019, DLL filed a breach of contract action against Appellant. Appellant filed, *inter alia*, a four-count responsive pleading joining Toshiba as a third-party defendant and asserting counterclaims against DLL ("Appellant's Complaint"). Specifically at counts one and two of Appellant's Complaint, Appellant alleged that DLL and Toshiba fraudulently induced it to enter the underlying contract and, as a result, the underlying contract is void. At counts three and four, Appellant alleged that Toshiba breached its contract with Appellant and violated "a duty of good faith and fair dealing [it assumed] towards [Appellant.]" Amended Third-Party Complaint, filed 10/22/20, at ¶ 94.

On April 5, 2021, DLL filed a Motion for Summary Judgment seeking judgment in its favor on its breach of contract action and on counts one and two of Appellant's Complaint. Toshiba filed a Motion for Partial Summary Judgment the same day, requesting judgment in its favor "as to Count I (Fraud in the Inducement) and Count II (Recission *ab initio*) of [Appellant's] Counterclaim and Amended Joinder Complaint filed October 22, 2020, which counts are asserted jointly against Toshiba and [DLL]." Motion for Partial Summary Judgment, filed 4/5/21, at 1. Toshiba did not request judgment in its favor on counts three or four of Appellant's Complaint.

After briefing, on June 30, 2021, the court granted judgment in favor of DLL and Toshiba. Appellant timely filed a Notice of Appeal and both he and

the trial court complied with Pa.R.A.P. 1925(b). On appeal, Appellant challenges the order granting summary judgment in favor of DLL and Toshiba.

Before addressing Appellant's claims, we consider whether we have jurisdiction over this appeal. This Court may raise the issue of our jurisdiction *sua sponte*. ***Zablocki v. Beining***, 155 A.3d 1116, 1118 (Pa. Super. 2017).

Generally, only appeals from final orders are subject to appellate review. ***See*** Pa.R.A.P. 341. Pennsylvania Rule of Appellate Procedure 341 defines a "final order" as any order that "disposes of all claims and of all parties[.]" Pa.R.A.P. 341(b)(1).[1] An order that does not dispose of all claims as to all parties is interlocutory, not final, and not appealable. ***See Brickman Group, Ltd. v. CGU Ins. Co.***, 829 A.2d 1160 (Pa. Super. 2003) (quashing as interlocutory appeal by plaintiff from order granting summary judgment in favor of original defendant in action, where order did not dispose of third-party complaint). ***See also*** Pa.R.A.P. 341(c) ("When more than one claim for relief is presented in an action, whether as a claim, counter claim, . . . or third-party claim, . . . in the absence of [] a determination and entry of a final order [pursuant to Rule 341(c)], any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order.").

In its Rule 1925(a) Opinion, the trial court observed that its order granting summary judgment did not dispose of all parties and all claims. It

---

[1] Pa.R.A.P. 341(c) provides an exception to this general rule when the trial court has made an express determination that an immediate appeal would facilitate resolution of the entire case. Appellant did not seek, and the trial court did not make, such a determination.

explained: "Appellee[ Toshiba's] Motion for Partial Summary Judgment did not request summary judgment on . . . Appellant's [] Complaint Counts III and IV." Trial Ct. Op., 9/9/21, at 4. As a result, the court requested remand. *Id.* at 5.

The record supports the trial court's determination. Toshiba did not request judgment in its favor on counts three and four of Appellant's Complaint. Thus, by granting Toshiba's Motion for Partial Summary Judgment, the court granted judgment in Toshiba's favor only on counts one and two. Since counts three and four remain unresolved, the court's summary judgment order did not dispose of all parties and all claims and, as a result, is interlocutory. Accordingly, we quash this appeal.[2]

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/17/2022

---

[2] In light of our disposition, we deny as moot Appellant's Application for Oral Argument filed in this Court on April 14, 2022.

- 4 -