J-A15025-22

2022 PA Super 137

| | | |
|---|---|---|
| DEBORAH S. FUNK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| VIOLA E. EMPFIELD, DONNA L. | : | |
| YATSKO, AND DIANE M. GREENE | : | |
| | : | |
| Appellants | : | No. 1238 WDA 2021 |

Appeal from the Order Entered September 22, 2021,
in the Court of Common Pleas of Indiana County,
Civil Division at No(s): 11060 C.D. 2019.

BEFORE:  BOWES, J., KUNSELMAN, J., and SULLIVAN, J.

OPINION BY KUNSELMAN, J.:                    **FILED: AUGUST 10, 2022**

In this partition action, Viola Empfield, Donna Yatsko, and Diane Greene, appeal from an order denying their exceptions to the master's initial report. Because the trial court has not yet fully and finally partitioned the property, the appealed-from order is interlocutory. Thus, we lack appellate jurisdiction and quash this premature appeal.

Mrs. Viola Empfield and her husband owned a farm in Indiana County. They had three daughters, Ms. Yatsko, Ms. Greene, and Deborah Funk. In 2011, the Empfield Farm consisted of a farmhouse and other structures, and the Empfields deeded Ms. Funk 50% interest in the property and retained a 50% interest, as joint tenants, with right of survivorship. A few months later, Ms. Funk and her husband built another residence and garage on the property.

In December of 2015, Mrs. Empfield acquired her husband's interest in the farm. Three years later, she conveyed her 50% interest to herself, Ms. Yatsko, and Ms. Greene, as joint tenants, with right of survivorship.

Ms. Funk then commenced this partition action against her mother and two sisters. The trial court entered an order directing that the property be equitably partitioned, and the case proceeded before a master.

Following an evidentiary hearing, the master submitted a report to the trial court on how he believed the property should be divided. However, the master did not divide the property into final, definitive purparts, because he held that "the parties shall have input into the exact, final location of the borderline before final subdivision is approved by the proper government agencies." Master's Report, 8/6/21, at 12.

Nor did the master resolve the following issues between the parties:

- Establishing language for an easement and maintenance of common facilities that the parties will share, such as the driveway and spring.

- Determining and imposing the parties' costs for the master, the appraiser, the stenographer, the surveyor, subdivision approval, and recording of documents.

- Further relief as the trial court deems appropriate.

*See id.* at 12-13.

Both parties filed exceptions to that initial report, which the trial court denied in a September 22, 2021 order. The trial court confirmed the master's general scheme for partitioning the property and gave the master further instructions as follows:

> The master shall employ a surveyor, at the expense of the parties, to obtain subdivision approval, provided that the parties may have involvement in determining the exact,

final location of the boundary line by providing input to the master before a final subdivision is approved by the proper governmental agencies. [Thereafter], the master shall prepare and record the deeds partitioning the property[1] in conformity with the subdivision approval, and shall include in the deeds provisions for the easements and the maintenance agreements needed to describe and define the permitted uses of the common facilities the parties will share, such as the driveway, and possibly the spring, if the party whose land does not include the spring elects to have access to the spring, or access to the spring is necessary to obtain subdivision.

The parties shall each promptly pay one-half of the fees and costs of the master, the master's appraiser, the court reporter used at the hearing, the surveyor, and any other costs or expenses essential to complete the subdivision approval and recording of documents required to complete the partition.

Order, 9/22/21, at 1-2 (some capitalization omitted).

Ms. Empfield, Ms. Yatsko, and Ms. Greene appealed from that order.

Before reaching the merits of their claims of error, we must consider our appellate jurisdiction. In short, we ask whether the September 22, 2021 order is appealable.

---

[1] We note that this portion of the order adopts the master's recommendation that the parties or the master "prepare the partition deeds . . . ." Master's Report, 8/6/21, at 12. Deeds are unnecessary, because a final order of court "itself operates as such a conveyance." 23 Standard Pa. Practice 2d §122:162 at 172-73 (citing **Kaufmann v. City of Pittsburgh**, 93 A. 779 (1915)).

Where, as here, a trial court decides to award purparts to several owners "it will convey ownership to the parties by its Part 2 order, which the Recorder of Deeds will record. No deed is executed, because the order serves as the conveyance." **Kapcsos v. Benshoff**, 194 A.3d 139, 143 (Pa. Super. 2018) (*en banc*). The parties are **not** conveying the property (and, hence, not deeding it) to each other. Instead, the court is ordering them to take a purport, presumably against the wishes of one or more parties.

"Neither party has raised this issue; however, it is well-settled that this Court may raise the issue of our jurisdiction *sua sponte*." ***Zablocki v. Beining***, 155 A.3d 1116, 1118 (Pa. Super. 2017). "Jurisdiction is purely a question of law; the appellate standard of review is *de novo*, and the scope of review plenary." ***Kapcsos v. Benshoff***, 194 A.3d 139, 141 (Pa. Super. 2018) (*en banc*).

In ***Kapcsos***, this Court reviewed the two parts of a partition action. We explained that both parts must be followed to protect the rights of the parties and their heirs. Part 1 is to decide if the plaintiff may maintain a partition action and what legal interests in the property, if any, the parties share. If the trial court rules that the parties jointly own the property, then it enters an order directing partition, which is immediately appealable. Part 2 involves the separation of the property into purparts or its sale. ***See id.***

We opined that, "If the property is never partitioned via a Part 1 order, the court has nothing to divvy-up in Part 2, because the parties still own ***undivided*** interests in the whole." ***Id.*** at 145 (emphasis in original). Ultimately, "the failure of the parties to secure and record a Part 1 order partitioning the property deprived the trial court of jurisdiction to conduct Part 2." ***Id.*** Therefore, we quashed the appeal.

In reaching that decision, we said, "Each part, by rule, must produce its own, distinct, appealable order." ***Id.*** at 141. To the extent this statement seemingly permits an immediate appeal from any Part 2 order, rather than a final judgment, we clarify that statement.

***Kapcsos*** did not consider when appellate rights ripen after Part 2, because, in ***Kapcsos***, we focused on Part 1 and the jurisdiction of trial courts. Thus, so far as the above statement may be read to allow an immediate appeal from any Part 2 "order," the statement was *dicta*; it does not bind this panel. ***See, e.g.***, ***In re L.J.***, 79 A.3d 1073, 1081 (Pa. 2013) (explaining that *stare decisis* is inapplicable to issues not considered and adjudicated in a prior decision). As we explain, the appealable "order" after Part 2 is either (1) an order disposing of post-trial motions and entering judgment or (2) the prothonotary's entry of judgment based on the praecipe of a party.

Turning to the instant matter, Ms. Empfield, Ms. Yatsko, and Ms. Greene have appealed from an order overruling their exceptions to the master's initial report during Part 2. That order is not appealable.

To begin, we recall that a Part 1 order – *i.e.*, an order directing partition – is interlocutory but immediately appealable, as of right, under Pennsylvania Rule of Appellate Procedure 311(a)(7). ***See Kapcsos***, ***supra***. However, an order entered during Part 2 that divides the property into purparts or sells it is not immediately appealable under that Rule. ***See Zablocki***, ***supra*** (holding that an order directing a sale is not immediately appealable pursuant to Pa.R.A.P. 311(a)(7)). In light of that holding, our appellate jurisdiction must rest upon some other ground; we find none.

It is settled law "that an appeal will lie only from a final order unless otherwise permitted by statute." ***Gasper v. Gasper***, 432 A.2d 613, 615 (Pa.

Super. 1981).  "A final order disposes of all claims and of all parties . . . ."
Pa.R.A.P. 341.

Here, the trial court's order clearly did not dispose of all claims.  Instead, it directed the master to proceed further in dividing the property into definitive purparts.  The court ordered the master to "employ a surveyor" to locate the "exact, final location of the boundary line . . . before final subdivision is approved by the proper governmental agencies . . . ."  Order, 9/22/21, at 1.  From this language alone, we conclude the order was not final, because the "final location of the boundary line" and the "final subdivision" remain undecided.  *Id.*  Indeed, the order invites more litigation by welcoming the parties' input.  Additional issues may arise concerning where, precisely, to draw the boundary line.

Beyond that concern, the trial court directed the master to establish an easement for the property's driveway and to draft language regarding its use and maintenance.  The master must also craft an order governing the shared facilities and use of the spring on the property.[2]  Any of these matters may produce added points of contention between the parties.

_____

[2] We note that the master used the word "agreement" to describe these future determinations.  To the extent the parties might agree on the easement and facilities-management language, the master or the court may enter a consent decree.  If the parties cannot agree, however, the master or the court will need to adjudicate that dispute and incorporate the decision into its Part 2 order.  For a sample Part 2 order fully confirming a master's report, see 23 Standard Pa. Practice 2d §122:159 at 168-69.

Finally, the fees and costs for the master, appraiser, expert, court reporter, local-governmental approval of the subdivision, and recordings of documents are unknown, much less resolved. If a dispute over those amounts emerges, that could serve as yet another basis for seeking post-trial relief and a subsequent appeal.

Affirming the September 22, 2021 order would not end this litigation, because the master still has work to do. That might lead to another round of appeals. Thus, if we decided the issues raised in this appeal, we would violate the "policy of precluding piecemeal determinations and the consequent protraction of litigation" that interlocutory appeals produce. ***Pugar v. Greco***, 394 A.2d 542, 545–46 (Pa. 1978).

The September 22nd order is not final, because it does not dispose of all claims and issues pending before the trial court. Like the order in ***Zablocki***, ***supra***, which partitioned the property by directing a judicial sale of the land, this order is "interlocutory and non-appealable." ***Zablocki***, 155 A.3d at 1118. Furthermore, the order is not "collateral to the main cause of action;" hence, it is not appealable under Pa.R.A.P. 313.

Although we recognize that a partition action is nuanced, in many ways, it is like any other civil case. "Except as otherwise provided in this chapter, the procedure in an action for the partition of real estate shall be in accordance with the rules relating to the civil action." Pa.R.C.P. 1551. Thus, when the Rules of partition do not directly contradict the other Rules of Civil Procedure, the general Rules apply. ***See*** Pa.R.C.P. 132.

Generally, civil non-jury decisions are subject to post-trial motions. **See** Pa.R.C.P. 227.1. A Part 2 order is subject to post-trial-motion practice, unless the Rules of partition state otherwise. We find nothing so dictating.[3] Indeed, Rule 1573 **provides** for post-trial motions following an order directing sale and distribution of the proceeds. While such a sale was not ordered here, Rule 1573 demonstrates that the Supreme Court expects Part 2 of a partition action to conclude with post-trial motions. In fact, in **Jacobs v. Stephens**, 889 WDA 2020, 293 WDA 2021, 2022 WL 278839 (Pa. Super. 2022) (unpublished), this Court recently dismissed as waived all issues that an appellant failed to raise in post-trial motions following a non-jury decision in Part 2 of a partition action. We agree with **Jacobs** in that regard.

In civil matters, an "appeal to this Court can only lie from judgments entered subsequent to the trial court's disposition of post-[trial] motions, not from the order denying post-trial motions." **Raheem v. Univ. of the Arts**, 872 A.2d 1232, 1234 (Pa. Super. 2005); **see also Jacobs**, **supra** at *1, n.1 (accord). Nothing in the Rules for partition actions directs otherwise. As such, we hold, following Part 2 of a partition action, an appeal properly lies from the judgment entered after the trial court disposes of post-trial motions.

Because the interlocutory order before us is not a final judgment, we have no appellate jurisdiction over it.

_____

[3] We note that a Part 1 order is exempt from post-trial motions, if, **but only if**, the trial court directs partition. **See** Pa.R.C.P. 1557.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 08/10/2022