J-A05025-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JANE DOE #1, JANE DOE #2, JANE DOE #3 | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| HAND AND STONE FRANCHISE CORPORATION, RUFFENACH, G., LLC, T/A HAND & STONE PHOENIXVILLE-OAKS, CATHERINE RUFFENACH & GERARD RUFFENACH, W/H STEVEN M. WALDMAN AND STEVEN WALDMAN MASSAGE | : | No. 1510 EDA 2022 |

Appeal from the Order Entered May 18, 2022,
in the Court of Common Pleas of Philadelphia County,
Civil Division at No(s): 190804964.

| | | |
|---|---|---|
| JANE DOE #1, JANE DOE #2, JANE DOE #3 | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| HAND AND STONE FRANCHISE CORPORATION, RUFFENACH, G., LLC, T/A HAND & STONE PHOENIXVILLE-OAKS, CATHERINE RUFFENACH & GERARD RUFFENACH, W/H STEVEN M. WALDMAN AND STEVEN WALDMAN MASSAGE | : | No. 1511 EDA 2022 |

Appeal from the Order Entered May 18, 2022,
in the Court of Common Pleas of Philadelphia County,
Civil Division at No(s): 190804964.

BEFORE:  LAZARUS, J., KUNSELMAN, J., and MURRAY, J.

JUDGMENT ORDER BY KUNSELMAN, J.:       **FILED FEBRUARY 15, 2023**

Plaintiffs, three Jane Does, filed this personal injury action against numerous defendants claiming they were sexually assaulted during a massage. They appeal from the orders granting summary judgment to Ruffenach, G., LLC, t/a Hand and Stone Phoenixville-Oaks Spa; Gerard Ruffenach; and Catherine Ruffenach (docketed at 1510 EDA 2022) and to Hand and Stone Franchise Corporation (docket at 1511 EDA 2022). Previously, the plaintiffs obtained a default judgment against two other defendants, Steven M. Waldman and his business entity, Steven Waldman Massage. The issue of damages remains against these two defendants. As a result, the summary judgment orders do not constitute final orders as to all parties and all claims, and we lack jurisdiction to address these appeals.

The "appealability of an order goes the jurisdiction of the Court . . . review[ing] the order." ***Beltran v. Piersody***, 748 A.2d 715, 717 (Pa. Super. 2000). "Neither party has raised this issue; however, it is well-settled that this Court may raise the issue of our jurisdiction *sua sponte*." ***Funk v. Empfield***, 281 A.3d 315, 317 (Pa. Super. 2022). We do so.

"Jurisdiction is purely a question of law; the appellate standard of review is *de novo*, and the scope of review is plenary." ***Commonwealth v. Merced***, 265 A.3d 786, 789 (Pa. Super. 2021).

In Pennsylvania, "an appeal properly lies only from a final order unless otherwise permitted by statute." ***Indiana Cnty. Hosp. Auth. v. McCarl's Plumbing & Heating Co.***, 496 A.2d 767, 768 (Pa. Super. 1985).

Here, the unnamed plaintiffs obtained a default judgment on liablity against Waldman and his business. Subsequently, the trial court granted summary judgment to Ruffenach, G., LLC; the Ruffenaches; and Hand and Stone Franchise Corporation on all counts. The plaintiffs moved for reconsider, but, before the trial court ruled on their motion, they appealed. No trial on damages against Waldman and his business occurred.

Under Pennsylvania Rule of Civil Procedure 1037(b)(1),(2), the Office of Judicial Records of Philadelphia County may only assess damages following a default judgment when the damages are for a sum certain. Otherwise, a trial on damages is required.

Because this is a sexual-assault case, the plaintiffs' damages for pain and suffering and emotional anguish are uncertain sums that a jury or the trial court must find, in order to resolve all claims against all parties. The court of common pleas has yet to adjudicate the damages claims against Waldman and his business.

As such, the appealed-from, summary-judgment orders are not final orders that "dispose[d] of all claims and of all parties." Pennsylvania Rule of Appellate Procedure 341(b)(1). Also, they are not appealable, interlocutory orders under Pa.R.A.P. 311 or collateral orders under Pa.R.A.P. 313. The appealed-from orders are interlocutory orders, over which this Court has no appellate jurisdiction.

Appeals quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>2/15/2023</u>