J-A21033-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JOSEPH W. HOPKINS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CATHERINE BACKOS AND ANTHONY | : | |
| BACKOS | : | |
| | : | No. 540 EDA 2024 |
| Appellant | : | |

Appeal from the Order Entered January 9, 2024
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): 2018-00948

BEFORE: KUNSELMAN, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY BECK, J.:                     **FILED DECEMBER 16, 2024**

Appellants, Catherine Backos ("Catherine") and Anthony Backos ("Anthony") (collectively, the "Backoses"),[1] appeal the January 9, 2024 order of the Montgomery County Court of Common Pleas ("trial court") granting the motion for summary judgment filed by Appellee, Joseph W. Hopkins ("Hopkins").[2]  Because we conclude that the order is not immediately appealable, we quash the appeal.

_____

[1] Anthony is Catherine's son.

[2] In both this Court and the trial court, Hopkins' attorney filed a suggestion of Hopkins' death on March 31, 2024, in Philadelphia, Pennsylvania.  We are unable to locate in the certified record the appointment of a personal representative of Hopkins as a substitute party.  *See* Pa.R.Civ.P. 2352 (Substitution of Successor), 2355 (Notice of Death of a Party and Substitution
*(Footnote Continued Next Page)*

Briefly, the certified record reflects that Hopkins filed suit against the Backoses, claiming that Catherine fraudulently transferred the deed to real property located in Merion Station, Pennsylvania (the "Property"), to Anthony for $10.00 with the intent of evading a pending execution of judgment against her. The amended complaint claimed the following: (1) actual and constructive fraud in violation of the Pennsylvania Uniform Transfer Act, 12 Pa.C.S. § 5104; (2) fraud; and (3) conspiracy. Specifically, Hopkins alleged that in 2010, a money judgment was entered against Catherine in Florida as a result of a residential foreclosure, and that Hopkins purchased the judgment, caused an executed written assignment of judgment to be filed in Florida, domesticated the judgment in the trial court in 2012, and filed a praecipe to issue a writ of revival of judgment against Catherine in 2017. Am. Compl., ¶¶ 5-9. Hopkins further alleged that when he filed the praecipe, Catherine was a record owner of the Property, and that she transferred her interest to Anthony while the writ of revival was pending. *Id.* ¶¶ 10-11. Hopkins sought judgment in his favor and compensatory, treble, and punitive damages, plus statutory interest and costs, including attorneys' fees. The Backoses filed preliminary objections, which the trial court overruled on September 13, 2019.

_____

of Personal Representative); *see also* 20 Pa.C.S. § 3375 (stating that if a personal representative has not been appointed within one year after the suggestion of death's filing, a defendant may petition the court to abate the action). As it has been less than a year since the filing of the suggestion of death, we address the instant appeal.

- 2 -

They subsequently filed an answer, new matter, and counterclaims, raising slander of title and abuse of process against Hopkins. Hopkins filed an answer and new matter to the Backoses' counterclaims.

On October 4, 2019, the trial court ordered all discovery to be completed by December 20, 2019, and all dipositive motions to be filed by December 27, 2019, with any responses to be filed by January 27, 2020. On December 27, 2019, Hopkins filed a motion for summary judgment. On January 10, 2020, the parties filed a stipulation to extend the deadline to respond by February 26, 2020.

Three days later, on January 13, 2020, the Backoses filed a suggestion of bankruptcy, notifying the trial court that Catherine filed a voluntary petition for bankruptcy in federal court in Florida. As a result, on January 15, 2020, the trial court canceled a scheduled hearing on Hopkins' motion to compel the deposition of Catherine. On October 15, 2021, the trial court entered an order staying the instant action based upon the suggestion of bankruptcy.[3]

About two years later, on October 20, 2023, Hopkins filed a motion to lift the stay and list his motion for summary judgment. Following a hearing

_____

[3] On April 21, 2021, prior to the trial court entering its stay order, Hopkins filed a praecipe to withdraw in personam relief sur bankruptcy discharge only as to Catherine and attached as an exhibit a bankruptcy court order dated October 13, 2020, which granted a Chapter 7 bankruptcy discharge to Catherine. On or about April 22, 2021, Hopkins obtained an order from the bankruptcy court to continue his claim against Catherine for in rem relief and against Anthony for in personam claims. *See* Plaintiff's Motion to Lift Stay and List Plaintiff's Motion for Summary Judgment, 10/20/2023, ¶¶ 6-8, Ex. A.

on November 17, 2023,[4] the trial court entered an order granting Hopkins' motion to lift the stay and relisted his motion for summary judgment. The Backoses did not file a response. On January 9, 2024, the trial court entered an order granting Hopkins' request for summary judgment.[5] The Backoses filed a motion for reconsideration, which the trial court denied. This appeal followed.

Prior to addressing the questions raised before this Court on appeal, we must determine whether this appeal is a final order and thus properly before us. An order's appealability implicates our jurisdiction. *Interest of J.M.*, 219 A.3d 645, 650 (Pa. Super. 2019) (citations omitted). It is well-settled that this Court may raise the issue of our jurisdiction sua sponte. *Funk v. Empfield*, 281 A.3d 315, 317 (Pa. Super. 2022) (citation omitted). "Jurisdiction is purely a question of law; the appellate standard of review is de novo, and the scope of review plenary." *Id.* (citation and quotation marks omitted).

---

[4] For reasons unclear in the record, it does not appear that the Backoses or their counsel attended the hearing. *See* Plaintiff's Response in Opposition to Defendants' Motion for Reconsideration and Related Emergency Request to Stay, 1/31/2024, ¶ 9.

[5] The trial court further ordered that the title of the Property be transferred from Anthony to Anthony and Catherine within thirty days of the order. *See* Trial Court Order, 1/9/2024, at 2 (unpaginated).

"It is settled law that an appeal will lie only from a final order unless otherwise permitted by statute."[6]  *Id.* at 318 (citation and quotation marks omitted).  A final order is defined as one that, inter alia, disposes of all claims and all parties.  Pa.R.A.P. 341(b)(1).

Rules 1035.1 through 1035.5 of the Pennsylvania Rules of Civil Procedure govern motions for summary judgment.  The comment to Rule 1035.2 recognizes that the partial grant of summary judgment is "interlocutory in character" and "may be rendered on one or more issues of liability, defense or damages."  Pa.R.Civ.P. 1035.2, Comment.  In cases, for example, where the trial court grants summary judgment on the question of liability only and the amount of damages remain, this Court has held that the order granting summary judgment is interlocutory and not appealable absent certification pursuant to 42 Pa.C.S. § 702(b).  *Inselberg v. Emp'rs Mut. Cos.*, 435 A.2d 1290, 1291 & n.2 (Pa. Super. 1981);[7] *see also Petroleum Mktg. Grp., Inc. v. Alajlouni*, 899 MDA 2023, 2023 WL 8664639, at * 2 (Pa. Super. filed Dec. 14, 2023) (non-precedential decision) (concluding an order

---

[6] "In order to be appealable, the order must be: (1) a final order, Pa.R.A.P. 341-42; (2) an interlocutory order appealable by right or permission, 42 Pa.C.S. § 702(a)-(b); Pa.R.A.P. 311-12; or (3) a collateral order, Pa.R.A.P. 313." *J.M.*, 219 A.3d at 650.

[7] Although *Inselberg* was decided under a prior version of our rules pertaining to summary judgment (Pa.R.Civ.P. 1035(b)), the ruling based on jurisdiction remains applicable.

- 5 -

granting summary judgment on liability only, and not damages, was an unappealable, interlocutory order).[8]

Here, Hopkins obtained summary judgment as to liability on all counts against the Backoses and the dismissal of the Backoses' two counterclaims against him. However, the trial court's summary judgment order granted relief as to liability only; the question of damages, which Hopkins identified in his amended complaint as exceeding $50,000, remains. Our review of the record reveals that no trial on damages occurred prior to this appeal.

Because Hopkins' damages claims remain outstanding, the trial court's grant of summary judgment did not dispose of all claims against all parties. Therefore, the order granting Hopkins' motion for summary judgment is not a final, appealable order. *See* Pa.R.A.P. 341(b)(1). Nor is it an interlocutory order that is appealable as of right or by permission, or a collateral order. *See* 42 Pa.C.S. § 702(a)-(b); Pa.R.A.P. 311-313.

As the appealed-from order is an interlocutory order, this appeal is premature. We therefore quash.

Appeal quashed.

---

[8] Pursuant to Pa.R.A.P. 126(b), non-precedential decisions of this Court filed after May 1, 2019, may be cited for their persuasive value.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/16/2024