J-S29004-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| LORI LEIGH STEC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NICHOLAS S. FARRELL | : | |
| | : | |
| Appellant | : | No. 1527 WDA 2024 |

Appeal from the Order Entered November 4, 2024
In the Court of Common Pleas of Erie County Civil Division at No(s):
2023-10373

BEFORE:  NICHOLS, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY NICHOLS, J.:              **FILED:  October 21, 2025**

Appellant Nicholas S. Farrell appeals from an order denying his exceptions to the hearing officer's report recommending that all of the proceeds from the sale of real property be awarded to Appellee Lori Leigh Stec.  We quash.

The trial court set forth the factual and procedural history in its opinion.  ***See*** Trial Ct. Op., 1/31/25, at 1-5.  Briefly, the parties acquired real property located at 1116 Applejack Drive, Erie, Pennsylvania ("Property") as joint tenants with rights of survivorship in December of 2016.  ***See id.*** at 1.  The parties both resided at the Property until February of 2022 when their relationship ended and Appellee moved out.  ***See id.***  Appellee commenced this action by filing a complaint for partition of real property on February 17, 2023.  ***See id.*** at 2.  Appellee subsequently filed a motion seeking an order of

partition, which the trial court granted in an order entered on June 1, 2023.[1]

*See id.* The Property was sold on or about May 15, 2024. *See id*. at 4. The trial court then scheduled a hearing on July 1, 2024 before a hearing officer to determine how to allocate the proceeds of the sale. *See id.* The hearing officer issued a decision and proposed order on August 14, 2024, recommending that the entirety of the proceeds of the sale be distributed to Appellee. *See id.* at 5; *see also* Decision and Proposed Order, 8/14/24, at 7 (unpaginated).

Appellant filed timely exceptions to the hearing officer's decision. The trial court denied Appellants' exceptions on November 4, 2024. Appellant did not file any post-trial motions but did file a notice of appeal on December 4, 2024. Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issues:

1. The trial court did not properly apply the standard for distribution of funds stated in [*McAdoo v. Caruso*, 1802 EDA 2016, 2017 WL 4946498 (Pa. Super. filed Oct. 31, 2017) (unpublished mem.)].

2. Where payments for the maintenance of property were made from a joint bank account, these payments should be allocated between the parties in proportion to their respective contributions to the joint account.

3. The trial court failed to credit [Appellant] for the mortgage payments and other assets paid and services performed when

---

[1] The trial court's partition order is dated May 16, 2024, but was date-stamped and docketed on June 1, 2024. *See* Pa.R.A.P. 108(a)(1); *see also* Pa.R.Civ.P. 236.

> it was determined that [Appellee] was entitled to payments for rent.

Appellant's Brief at 10, 13, 14.[2]

Before we reach the merits of Appellant's claims, we first address the appealability of the trial court's order *sua sponte*, as the appealability of the order goes to our jurisdiction to hear the appeal. ***See Kapcsos v. Benshoff***, 194 A.3d 139, 141 (Pa. Super. 2018) (*en banc*). "Jurisdiction is purely a question of law; the appellate standard of review is *de novo*, and the scope of review plenary." ***Id.*** (citation omitted).

As noted, this appeal involves an order denying exceptions to a hearing officer's report in a partition action. ***See*** Trial Ct. Order, 11/4/24. After Appellant filed his appeal, on February 13, 2025, this Court issued a rule to show cause, which stated:

> Appellant Nicholas S. Farrell, defendant below, appeals from the November 4, 2024 part 2 partition order that denied Appellant's exceptions to the decision and proposed order of the partition hearing offer and ordered that 100 percent of the net sale proceeds for the sale of 1116 Applejack Drive, Erie, Pennsylvania shall be paid to Appellee Lori Leigh Stec, plaintiff below. In his docketing statement, Appellant contends that the order is a final, appealable order pursuant to Pa.R.A.P. 341(b)(1).
>
> A part 2 partition order is subject to post-trial practice. ***Funk v. Empfield***, 281 A.3d 315, 319 (Pa. Super. 2022) [(***Funk I***)].

---

[2] We note that Appellant's brief does not contain a statement of questions presented as required by the Rules of Appellate Procedure. ***See*** Pa.R.A.P. 2111(a)(4), 2116. We do not condone Appellant's failure to comply with the Rules of Appellate Procedure, but because his noncompliance does not impede our review, we decline to find waiver on this basis. ***See, e.g.***, ***Forrester v. Hanson***, 901 A.2d 548, 551 n.2 (Pa. Super. 2006). We derive these issues from the headings of the argument section of Appellant's brief.

Pa.R.Civ.P. 1573 provides for post-trial motions following an order directing distribution of proceeds. ***Id***. ***See also*** Pa.R.Civ.P. 1573(c) (providing any part of order approving return of sale becomes final when no post-trial motion filed within ten days). Following the entry of a part 2 partition order, an appeal properly lies from the judgment entered after the trial court disposes of post-trial motions. ***Funk*** [***I***], ***supra***, at 319-20. The entry of judgment is a prerequisite to this Court's exercise of jurisdiction. ***Nelani v. Nw. Eng'g, Inc.***, 909 A.2d 404, 405 (Pa. Super. 2006); ***see also Johnston the Florist, Inc. v. TEDCO Constr. Corp.***, 657 A.2d 511, 514 (Pa. Super. 1995) (*en banc*) (stating this Court's policy to quash appeal from order upon which judgment not entered). Moreover, issues not raised in post-trial motions are waived and cannot be raised for the first time on appeal. ***D.L. Forrey & Assocs., Inc. v. Fuel City Truck Stop, Inc.***, 71 A.3d 915, 919 (Pa. Super. 2013). A review of the trial court docket demonstrates that Appellant did not file post-trial motions, and judgment has not been entered.

Accordingly, Appellant is directed to show cause, in a response filed of record in this Court with a copy to opposing counsel, as to why the appeal should not be quashed or dismissed due to waiver. The response shall be filed within fourteen (14) days of the date of this Order. Failure to comply with the directives in this Order may result in quashal or dismissal of the appeal without further notice.

Rule to Show Cause, 2/13/25, at 1-2 (some formatting altered).

Appellant filed a timely response on February 24, 2025, arguing that the trial court's November 4, 2024 order denying exceptions without an evidentiary hearing is an appealable final order and post-trial motions may not be filed in this situation. ***See*** Appellant's Reply to Rule to Show Cause, 2/24/25, at 3 & n.1 (unpaginated) (citing ***Pavie v. Pavie***, 606 A.2d 1207 (Pa. Super. 1992)). Appellant further contends that Pa.R.Civ.P. 1573 does not apply to this matter because the hearing officer did not conduct the sale of the property. ***See id.*** at 4 (unpaginated). Appellant claims that ***Funk I*** does

not apply because in that case the trial court had "not fully and finally portioned the property[,]" the order in that case "did not dispose of all claims[,]" and there was a subsequent appeal in that matter. *Id.* at 4 & n.2 (citing *Funk v. Empfield*, 1428 WDA 2023, 2024 WL 4040487 (Pa. Super. filed Sept. 4, 2024) (unpublished mem.) (*Funk II*)).[3] Appellant concludes "[i]n the present case, the partition action was complete. The [Property] had been partitioned. The [Property] was sold, and the proceeds divided by the court. There were no additional issues to be resolved." *Id.* at 4. Subsequently, this Court filed an order discharging the rule to show cause and deferring the issue to the merits panel. *See* Order, 4/29/25.

"Generally, for an order to be appealable, it must be (1) a final order, Pa.R.A.P. 341-342; (2) an interlocutory order appealable by right or permission, 42 Pa.C.S. § 702(a)-(b); Pa.R.A.P. 311-312; or (3) a collateral order, Pa.R.A.P. 313." *Dovin v. Honey Brook Golf Club L.P.*, 325 A.3d 1282, 1287-88 (Pa. Super. 2024) (citation omitted).

In *Kapcsos*, this Court addressed the appealability of orders in partition actions as follows:

Pennsylvania Rules of Civil Procedure 1551–1574 split a partition action into two, distinct, chronological parts. Rules 1551–1557 govern Part 1, and Rules 1558–1574 govern Part 2. Each part, by rule, must produce its own, distinct, appealable order.

_____

[3] *See* Pa.R.A.P. 126(b) (stating this Court and parties may rely on unpublished decisions of this Court filed after May 1, 2019, for their persuasive value).

- 5 -

The first order, under Pa.R.Civ.P. 1557, directs partition of the parties' legal interests into severalty.

The second order, under Pa.R.Civ.P. 1570, does one of three things. A Rule 1570 order may (1) divide the partitioned property among the parties, (2) force one or more of the parties to sell their interest in the land to one or more of the parties, or (3) sell the land to the general public and distribute the proceeds among the parties.

In Part 1, the court must determine whether the property is partitionable under law. In other words, Part 1 is to ascertain:

I. Do the parties jointly own the real estate in question?

II. If so, what fractional legal interests in the property does each party hold?

The answers to these questions may be admitted in the pleadings, or, if they are not, a hearing or jury trial may be needed. If the trial court answers both questions and finds that the plaintiff has established a right to partition, Rule 1557 dictates:

the court shall enter an order directing partition which shall set forth the names of all the co-tenants and the nature and extent of their interests in the property. No exceptions may be filed to an order directing partition.

[Pa.R.Civ.P. 1557.] Critically, any party may immediately appeal that order under Pennsylvania Rule of Appellate Procedure 311(a)(7) (permitting some interlocutory appeals as of right). After a Part 1 order of partition becomes final (either because no one appeals or an appellate court affirms it), only then may parties proceed to Part 2, where the actual division, award, or sale of the partitioned property occurs.

*Kapcsos*, 194 A.3d at 141-42 (some citations omitted and some formatting altered).

Subsequently, in *Funk I*, the trial court entered "an order directing that the property be equitably partitioned" and referred the case to a hearing

- 6 -

officer[4] for an evidentiary hearing. ***Funk I***, 281 A.3d at 316. The hearing officer submitted an initial report proposing how the property should be divided and both parties filed exceptions to that report. ***See id.*** at 316-17. The trial court denied the exceptions to the hearing officer's report, and the defendants appealed. ***See id.*** at 317.

The ***Funk I*** Court reiterated that, under ***Kapcsos***, a Part 1 partition order is immediately appealable under Pa.R.A.P. 311(a)(7), but held that a Part 2 order (*i.e.*, an order entered pursuant to Pa.R.Civ.P. 1570) was not immediately appealable under Rule 311. ***See id.*** at 318.

The ***Funk I*** Court further explained:

Although we recognize that a partition action is nuanced, in many ways, it is like any other civil case. "Except as otherwise provided in this chapter, the procedure in an action for the partition of real estate shall be in accordance with the rules relating to the civil action." Pa.R.C[iv].P. 1551. Thus, when the Rules of partition do not directly contradict the other Rules of Civil Procedure, the general Rules apply.

Generally, civil non-jury decisions are subject to post-trial motions. ***See*** Pa.R.C[iv].P. 227.1. A Part 2 order is subject to post-trial-motion practice, unless the Rules of partition state otherwise. We find nothing so dictating. Indeed, Rule 1573 **provides** for post-trial motions following an order directing sale and distribution of the proceeds. While such a sale was not ordered here, Rule 1573 demonstrates that the Supreme Court expects Part 2 of a partition action to conclude with post-trial motions. . . .

---

[4] The ***Funk I*** and ***Funk II*** Courts use the term "master" instead of "hearing officer." We use "hearing officer" throughout this memorandum for consistency. ***See, e.g.***, Pa.R.Civ.P. 1558, 1559, 1569, 1573 (referring to proceedings before a hearing officer).

> In civil matters, an appeal to this Court can only lie from judgments entered subsequent to the trial court's disposition of post-trial motions, not from the order denying post-trial motions. Nothing in the Rules for partition actions directs otherwise. As such, we hold, following Part 2 of a partition action, an appeal properly lies from the judgment entered after the trial court disposes of post-trial motions.

*Id.* at 319-20 (footnote and some citations omitted, some formatting altered, and emphasis in original).

Therefore, the ***Funk I*** Court quashed the appeal as interlocutory. ***See id.*** at 320. On remand, the trial court ultimately entered an order adopting the hearing officer's recommendations. ***See Funk II***, 2024 WL 4040487, at *3. The parties then filed post-trial motions, which the trial court denied, and the defendants appealed after the entry of judgment. ***See id.*** at *1, *3.

Here, we are constrained to conclude that the order denying exceptions to the hearing officer's report is not a final appealable order, and that an appeal from Part 2 of a partition action properly lies from a judgment entered after the trial court disposes of post-trial motions (or after the time to file post-trial motions has expired). ***See Funk I***, 281 A.3d at 319-20. We disagree with Appellant's argument that ***Funk I*** is inapplicable because the order in that case did not dispose of all claims, while the order in this matter disposed of all claims. The ***Funk I*** Court clearly held that orders entered during Part 2 partition action are subject to Rule 227.1's requirement to file post-trial motions. ***See id***. at 319; ***see also Funk II***, 2024 WL 4040487, at *3 (the parties filed post-trial motions after the trial court entered an order

- 8 -

that disposed of all claims and adopted the hearing officer's report). We discern no basis to distinguish *Funk I*.

Further, Appellant's reliance on *Pavie* is misplaced. In *Pavie*, this Court explained that under the versions of Rules of Civil Procedure 1920.52 and 1920.55 in effect at the time, if a hearing officer conducted an evidentiary hearing in a divorce action, the parties could file exceptions to the hearing officer's report, but the trial court could not hold a hearing *de novo* nor entertain any post-trial motions after the entry of a final decree in divorce. *See Pavie,* 606 A.2d at 1210. This matter is a partition action, and the Rules of Civil Procedure governing divorce actions are not applicable here. *Compare* Pa.R.Civ.P. 1551 (stating "[e]xcept as otherwise provided in this chapter, the procedure in an action for the partition of real estate shall be in accordance with the rules relating to the civil action"); *and Kapcsos*, 194 A.3d at 141 (discussing the Rules of Civil Procedure applicable to partition actions); *with* Pa.R.Civ.P. 1920.1(a) (explaining that that chapter of the Rules applied to "an action of divorce or an action for annulment of marriage, which may include the ancillary claims that may be joined with the action of divorce or for annulment under the Divorce Code"). Therefore, *Pavie* is not applicable here.

For these reasons, we conclude that the trial court's November 4, 2024 order denying Appellant's exceptions is not a final, appealable order and an appeal in Part 2 of a partition action, properly lies from the judgment entered after the trial court disposes of post-trial motions, not from an order denying

exceptions to the hearing officer's report. *See Funk I*, 281 A.3d at 319-20.

Accordingly, we quash this appeal as interlocutory.

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 10/21/2025