J-A04010-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ANDREA OZOVEK | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILKES BARRE HOSPITAL COMPANY, LLC D/B/A WILKES-BARRE GENERAL HOSPITAL; DAVID GRASSO, M.D., AMANDA MORAN, NP, DR. ALAN L. BOONIN, DEVON WOOLFOLK, PA, INTERMOUNTAIN MEDICAL GROUP, INC., PATRICK KILDUFF, DO AND CHARLES IDE | : | No. 1441 MDA 2024 |
| | : | |
| v. | : | |
| | : | |
| PENNSYLVANIA PHYSICIAN SERVICES, LLC, | : | |
| Additional Defendant | : | |

Appeal from the Order Entered September 12, 2024
In the Court of Common Pleas of Luzerne County
Civil Division at No(s):  2018-08894

| | | |
|---|---|---|
| ANDREA OZOVEK | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILKES BARRE HOSPITAL COMPANY, LLC D/B/A WILKES-BARRE GENERAL HOSPITAL; DAVID GRASSO, M.D., AMANDA MORAN, NP, DR. ALAN L. BOONIN, DEVON WOOLFOLK, PA, INTERMOUNTAIN MEDICAL GROUP, INC., PATRICK KILDUFF, DO AND CHARLES IDE | : | No. 1442 MDA 2024 |

J-A04010-26

|  | : |
|  | : |
|  | : |
|  | : |
| v. | : |
|  | : |
|  | : |
|  | : |
| PENNSYLVANIA PHYSICIAN | : |
| SERVICES, LLC, | : |
|  | : |
| Additional | : |
| Defendant | : |

Appeal from the Order Entered September 12, 2024
In the Court of Common Pleas of Luzerne County
Civil Division at No(s): 2019-02671

BEFORE: PANELLA, P.J.E., KING, J., and LANE, J.

MEMORANDUM BY PANELLA, P.J.E.:            **FILED: APRIL 2, 2026**

Andrea Ozovek appeals from the September 12, 2024 order granting Wilkes-Barre Hospital Company, LLC, d/b/a Wilkes-Barre General Hospital's ("Wilkes-Barre Hospital") motion for judgment on the pleadings and Amanda Moran, N.P., and David Grasso, M.D.'s joinder motion for judgment on the pleadings. After careful and deliberate review of this procedurally confusing case, we affirm on the basis of the well-written trial court opinion.

This action was initiated by Ozovek filing a praecipe for writ of summons on August 3, 2018, to docket No. 2018-00894. Another action was initiated by Ozovek filing a praecipe for writ of summons on March 8, 2019, to docket No. 2019-02671. The civil cover sheet accompanying the writ of summons on both actions categorized the actions as "MED MAL." On May 17, 2019, the trial court consolidated the cases with the lead case docketed to No. 2019-02671.

- 2 -

The operative complaint in this matter is the Amended Complaint filed on January 17, 2020. The Amended Complaint sets forth three claims of negligence and one claim of corporate negligence as follows:

Count I—Negligence, against Intermountain Medical Group, Inc., Alan L. Bonnin MD, Patrick Kilduff DO and Devon Woolfolk PA

Count II—Negligence, against Wilkes-Barre Hospital, Crisis Response and Recovery Center of NEPA, Community Counseling Services, David Grasso MD and Amanda Moran, NP

Count III—Corporate Negligence, against Wilkes-Barre Hospital, Crisis Response and Recovery Center of NEPA, Community Counseling Services

Count IV—Negligence, against Charles Ide

*See* Amended Complaint, 1/17/20.

The trial court briefly summarized the facts as plead by Ozovek in the Amended Complaint as follows:

The facts as plead allege that [Ozovek]'s son and co-defendant, Charles Ide ("[] Ide"), was treated, inter alia, by [the remaining d]efendants, predominantly reporting with complaints of confusion, on or around March 10, 2017. The Amended Complaint avers facts indicating that [] Ide was never evaluated as to his psychiatric symptoms as a risk to himself or others and was only medically evaluated. [Ozovek]'s Amended Complaint contained various allegations as to [] Ide being improperly or inadequately treated. [Ozovek]'s Amended Complaint avers that [] Ide brutally attacked and injured [Ozovek, and killed the family dog], which was the result of [] Ide's treatment, or lack of, with [the remaining d]efendants.

Trial Court Opinion, 1/30/25, at 7-8 (citations omitted).

On June 30, 2020, the trial court sustained the preliminary objections of Wilkes-Barre Hospital and Community Counseling Service as to Count III of

the Amended Complaint, and therefore dismissed Count III. The trial court thereafter approved a stipulation which dismissed Community Counseling Services from the action.

On August 1, 2024, the trial court granted summary judgment in favor of Devon Woolfolk, PA-C, Intermountain Medical Group, Inc., Alan L. Boonin, M.D., and Patrick Kilduff D.O., dismissing those parties from the action. This action effectively dismissed Count I of the Amended Complaint.

The jury trial was then scheduled to commence on September 9, 2024. On August 26, 2024, Wilkes-Barre Hospital filed a motion for judgment on the pleadings.

On Wednesday, September 4, 2024, oral argument was held on numerous motions *in limine*. Wilkes-Barre Hospital attempted to also argue the motion for judgment on the pleadings. However, Ozovek argued she did not have time to respond to the motion, and requested more time to respond pursuant to the applicable rules of court. The court agreed that Ozovek needed the opportunity to respond to the motion for judgment on the pleadings, and accordingly gave Ozovek until Monday of the next week to file a response, and scheduled oral argument on the motion for the same day. Amanda Moran, N.P., and David Grasso, M.D. subsequently filed a joinder motion for judgment on the pleadings on September 5, 2024.

On September 9, 2024, oral argument was held on the motion for judgment on the pleadings. The trial court noted it had received Ozovek's brief

in opposition to the motion that morning. Wilkes-Barre Hospital first argued that throughout the course of the proceedings and in the pleadings themselves, Ozovek labeled this case as a medical malpractice case, and that Ozovek lacked standing to bring such a case because she had no patient relationship with any physician or hospital in this matter. Accordingly, there was no duty, breach, causation, or damages that flowed from the relationship between the parties. In addition, Wilkes-Barre Hospital argued that to the extent Ozovek argues a triggering of the Mental Health Procedures Act ("MHPA"),[1] the MHPA was never pled in the complaint. In any event, even if the MHPA were to apply, Wilkes-Barre Hospital argued there was no specific pleading or averment in the complaint that indicates a specific threat was made to Ozovek, nor that any such threat was communicated to a provider of Ide. Accordingly, the MHPA was never pled, nor triggered. Wilkes-Barre Hospital also noted it had raised the MHPA as an affirmative defense in its new matter, and Ozovek had specifically denied its application in her response to the new matter.

Ozovek acknowledged the MHPA was not plead in her complaint, but argued that "the elements of the claims for anything under the Mental Health Procedures Act or the *Emerich* line of cases, while not explicitly stating it there, the elements have all been met and set forth within [] our argument."

---

[1] 50 P.S. § 7101, *et seq.*

N.T., Motions Hearing, 9/9/24, at 12. Ozovek further contended that her denial of the MHPA's applicability in her response to the new matter, was solely to the MHPA's immunity provision.

The court emphasized that Ozovek plead this case solely as a medical malpractice case and that the pleadings did not raise the MHPA, highlighting that the argument for judgment on the pleadings is that the hospital and its physicians owe no duty to Ozovek because of how the pleadings are plead.

Following the oral argument, the trial court ruled on the record, sustaining the motion for judgment on the pleadings in regard to the medical malpractice claims. The court then turned to the sole cause of action of negligence/duty to warn, asking "where is any testimony, any depositions, any reports, any evidence that any member of the Defendants who are listed had direct knowledge from the words and actions—and, it has to be specific that [Ide] was going to harm his mom or the dog." *Id.* at 34. The court permitted the parties to submit briefs on that sole issue by the end of the next day. The court noted that it was still a judgment on the pleadings, but that, even looking at the record as a whole, the case law was clear that a specific threat about a specific person or place had not been plead.

Wilkes-Barre Hospital submitted a supplemental brief, and Amanda Moran, N.P. and David Grasso, M.D. also filed a trial brief addressing the duty to warn. Ozovek did not submit any additional legal filings, and instead filed a

letter indicating she was resting on their earlier responsive brief and arguments made on the record.

On September 12, 2024, the trial court issued an order stating:

the Defendant, Wilkes-Barre Hospital Company, LLC d/b/a Wilkes-Bane General Hospital's Motion for Judgment on the Pleadings and the Joinder Motion for Judgment on the Pleadings of Defendants, Amanda Moran, N.P. and David Grasso, M.D is **GRANTED** and the case is **DISMISSED**.

Order, 9/12/24 (emphasis in original). Ozovek subsequently filed timely notices of appeal under both of the above dockets.

Because there were numerous discrepancies between the parties to these appeals and the parties listed on the trial court dockets, this Court entered show-cause orders on December 13, 2024, and January 3, 2025, directing Ozovek and the trial court to provide clarification regarding party statuses.

Because Ozovek and the trial court both indicated in responses that the underlying actions were fully consolidated and that the case captions for both matters were amended pursuant to the trial court's September 29, 2020 order, this Court entered a show-cause order on February 13, 2025, noting this Court's intention to direct our Prothonotary to update the appeal captions as follows: "Andrea Ozovek v. Wilkes Barre Hospital Company, LLC d/b/a Wilkes-Barre General Hospital; David Grasso, M.D., Amanda Moran, NP, Dr. Alan L. Boonin, Devon Woolfolk, PA, Intermountain Medical Group, Inc., Patrick Kilduff, DO and Charles Ide v. Pennsylvania Physician Services, LLC,

Additional Defendant." The order directed that this Court was still considering whether to consolidate these appeals.

The parties responded that the appeals should be consolidated. This Court agreed where Ozovek is the appellant in both appeals and the order on appeal is the same in both appeals. The appeals have subsequently been consolidated, and the caption updated accordingly.

Finally, we reach the issues before this Court. Ozovek raises the following issues on appeal:

> 1. Whether the trial court erred in their September 12, 2024, order dismissing [Ozovek]'s entire case, or granting moving defendants', Wilkes-Barre Hospital Company, LLC d/b/a Wilkes-Barre General Hospital, David Grasso, M.D., and Amanda Moran, NP, ("Moving Defendants") motion for judgment on the pleadings, when Moving Defendants had a duty to [] Ozovek under, but not limited to, the ***Emerich v. Philadelphia Center for Human Development. Inc.***, 720 A.2d 1032 (Pa. 1998) line of cases, when a specific and immediate threat of serious bodily injury to a readily indefinable victim, or [] Ozovek, was conveyed to Moving Defendants?
>
> 2. Whether the trial court erred in their September 12, 2024, order granting Moving Defendants' motion for judgment on the pleadings on the issue of a duty, despite previously denying Moving Defendants' motion for summary judgment on the same issue of a duty?
>
> 3. Whether the trial court erred in their September 12, 2024, order dismissing the case against a non-moving Defendant, Charles Ide, sua sponte?
>
> 4. Whether the trial court erred in their September 12, 2024, order granting Moving Defendants' motion for judgment on the pleadings filed on the eve of trial that caused an unreasonable delay when trial was continued, and did not provide [Ozovek] a fair opportunity to respond to?

5. Whether the trial court erred in their June 30, 2020, order granting Defendants', Wilkes-Barre Hospital Company, LLC d/b/a Wilkes-Barre General Hospital, preliminary objections, and dismissing a claim of corporate negligence, when [Ozovek]'s Amended Complaint is factually, and legally, sufficient pleading all facts necessary in support of a claim under ***Thompson v. Nason Hospital***, 591 A.2d 703 (Pa. 1991)?

Appellant's Brief, at 10-11 (unnecessary capitalization and suggested answers omitted).

Before addressing Ozovek's issues on appeal, we must determine if this appeal is properly before us. "Jurisdiction is purely a question of law; the appellate standard of review is *de novo* and the scope of review plenary." ***Barak v. Karolizki***, 196 A.3d 208, 215 (Pa. Super. 2018) (citation omitted).

An "appeal will lie only from a final order unless otherwise permitted by statute." ***Funk v. Empfield***, 281 A.3d 315, 318 (Pa. Super. 2022) (citation omitted). A final order is an order that disposes of all claims and of all parties. ***See*** Pa.R.A.P. 341(b)(1). By contrast, an interlocutory order is any order that "does not dispose of all claims and all parties." ***Barak***, 196 A.3d at 215 (citation omitted). "Basically, final orders end a case. Interlocutory orders do not." ***Id.*** With very limited exceptions not applicable here, interlocutory orders are not immediately appealable. ***See*** Pa.R.A.P. 311 (listing interlocutory orders appealable as of right); Pa.R.A.P. 312, 1311 (relating to interlocutory appeals by permission).

On December 13, 2024, this Court directed Ozovek to show cause as to why the order appealed from was final. Ozovek filed a letter in response

explaining the order was final based on its text. Specifically, Ozovek indicates she read the order as dismissing the case in total because of the court's use of the language "… and the case is **DISMISSED**." Order, 9/12/24 (emphasis in original). Ozovek stated that she wrote the trial court to confirm the case was dismissed. The record, however, does not reflect any response from the trial court.

It is clear from the record that the trial was in fact canceled due to the instant order. As such, whether or not the wording may have been inartful, it had the practical effect of ending the instant action in the trial court as to all claims and all parties. Accordingly, we find the appeal proper as taken from a final order.

A majority of Ozovek's issues challenge the trial court's grant of judgment on the pleadings. The well-established scope and standard of review regarding the grant of a motion for judgment on the pleadings is as follows:

> Our scope of review on an appeal from the grant of judgment on the pleadings is plenary. Entry of judgment on the pleadings is permitted under Pennsylvania Rule of Civil Procedure 1034, which provides that "after the pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for judgment on the pleadings." Pa.R.C.P. 1034(a). A motion for judgment on the pleadings is similar to a demurrer. It may be entered when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law. In determining if there is a dispute as to facts, the court must confine its consideration to the pleadings and relevant documents. On appeal, we accept as true all well-pleaded allegations in the complaint.
>
> On appeal, our task is to determine whether the trial court's ruling was based on a clear error of law or whether there were facts

- 10 -

disclosed by the pleadings which should properly be tried before a jury or by a judge sitting without a jury.

> Neither party can be deemed to have admitted either conclusions of law or unjustified inferences. Moreover, conducting its inquiry, the court should confine itself to the pleadings themselves and any documents or exhibits properly attached to them. It may not consider inadmissible evidence in determining a motion for judgment on the pleadings. Only when the moving party's case is clear and free from doubt such that a trial would prove fruitless will an appellate court affirm a motion for judgment on the pleadings.

*Rubin v. CBS Broadcasting Inc.*, 170 A.3d 560, 564 (Pa. Super. 2017) (citations omitted).

Ozovek also challenges the trial court's grant of Wilkes-Barre Hospital's preliminary objections and coinciding dismissal of Ozovek's claim of corporate negligence (Count III of the Amended Complaint). Our review of a trial court's grant of preliminary objections in the nature of a demurrer is as follows:

> [o]ur standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

> Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

***Feingold v. Hendrzak***, 15 A.3d 937, 941 (Pa. Super. 2011) (citation omitted).

After a thorough review of the record, the parties' briefs, and the Honorable Tina Polachek Gartley's well-reasoned Pa.R.A.P. 1925(a) opinion, we conclude the trial court did not err in granting judgment on the pleadings in favor of Wilkes-Barre Hospital, David Grasso, M.D., and Amanda Moran, NP or in granting the preliminary objections of Wilkes-Barre Hospital, thereby dismissing Count III of the Amended Complaint.

Judge Gartley's opinion effectively addresses all of the questions presented on appeal. ***See*** Trial Court Opinion, 1/30/2025, at 7-14. The trial court made the following findings:

- Ozovek's averments in the Amended Complaint, even when taken as true, fail to properly allege the defendants knew or should have known of a specific immediate threat to a readily identifiable victim in accordance with ***Emerich***;

- The pleadings fail to allege the MHPA and/or clearly allege the elements required to pursue a claim under the act;[2]

---

[2] In her appellate brief, Ozovek notes that pursuant to the judgment on the pleadings standard, she cites only to the pleadings in her statement of the case section. ***See*** Appellant's Brief, at FN1. However, she contends the trial court applied a summary judgment standard, by going outside the four corners of the pleadings, as the basis for its decision. ***See id.*** Accordingly, Ozovek includes further facts from the record, outside of the pleadings, in the argument section of her brief.
*(Footnote Continued Next Page)*

- A single claim of negligence remains outstanding against Ide and this claim should not have been dismissed pursuant to the court's September 12, 2024 order;

- Ozovek was afforded a fair and full opportunity to respond to and argue against the motion for judgment on the pleadings where the court, in its discretion, considered the motion, responses thereto, and two oral arguments, and Ozovek was given additional time to respond and trial was only continued by one week due to the second oral argument;

- And lastly, critically fatal to Ozovek's pleadings, is the absence of allegations that at any time she was a patient of the hospital which would trigger duties owed to her, under the corporate negligence doctrine, *see **Thompson***, which creates a duty between a hospital and a patient directly.

In summary, based on the trial court's well-reasoned and thorough opinion, we agree that it properly sustained the preliminary objections of Wilkes-Barre Hospital as to Count III of the Amended Complaint and granted

---

While it does appear from the record that the court inquired as to facts outside of the pleadings that would support Ozovek's argument, a review of the trial court opinion reveals its ultimate decision was based fully on the pleadings themselves. It seems the court was attempting to find that Ozovek's claims would not hold up under either standard. As we only have an order granting judgment on the pleadings in front of us, we do not consider any facts or averments outside of the pleadings.

the motions for judgment on the pleadings of Wilkes Barre Hospital, Amanda Moran, N.P., and David Grasso, M.D. We also agree that the court should not have dismissed Ide on the basis of motions for judgment on the pleadings to which he was not a party. Therefore, we vacate the order only as it pertains to Ide and remand for further proceedings as to the remaining claim of negligence against him. We otherwise affirm the order on the basis of the trial court's January 30, 2025 opinion.

Order affirmed in part and vacated in part. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/2/2026